**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 15 |
|  | : |  |
| KARHOO INC. (in administration), *et al.*[1] | : | Case No. 16-13545 (___) |
|  | : |  |
| Debtors in a Foreign Proceeding. | : | (Joint administration pending) |
|  | : |  |

---------------------------------------------------------------- x

**DECLARATION OF PHILLIP TAYLOR IN SUPPORT OF**
**VERIFIED PETITION FOR ENTRY OF AN ORDER RECOGNIZING**
**FOREIGN MAIN PROCEEDING AND GRANTING ADDITIONAL**
**RELIEF, AND OTHER RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

I, Phillip Taylor, declare under penalty of perjury as follows to the best of my knowledge,

information, and belief:

1.      I am a solicitor duly admitted to practice in England and Wales and a

partner in the law firm of Sidley Austin LLP, located at Woolgate Exchange, 25 Basinghall

Street, London, EC2V 5HA, United Kingdom.  I submit this declaration (the "Declaration") in

support of the *Verified Petition for Entry of an Order Recognizing Foreign Main Proceeding and*

*Granting Additional Relief* (together with the Form of Voluntary Petition for each Debtor filed

contemporaneously herewith, the "Petition") filed in the above-captioned chapter 15 cases.  The

Petition seeks, among other relief, chapter 15 recognition of administrations (as further described

---

[1] The chapter 15 debtors incorporated in England and Wales (collectively, the "UK Debtors"), along with the English Company Number of each UK Debtor, are:  Karhoo Limited (in administration) (09318091) and Karhoo Technologies Limited (in administration) (09864120).  The chapter 15 debtors incorporated in the United States (collectively, the "US Debtors"), along with the last four digits of each US Debtor's federal tax identification number, are:  Karhoo Inc. (in administration) (2445) and Karhoo USA Inc. (in administration) (3852).  The UK Debtors and the US Debtors are referred to herein, collectively, as the "Debtors."  The mailing address of each of the Debtors (and registered office of each of the UK Debtors) is 26-28 Bedford Row, Holborn, London, WC1R 4HE, United Kingdom.

below, the "UK Proceedings") with respect to the Debtors commenced pursuant to Schedule B1

to the Insolvency Act 1986 (the "Insolvency Act"), a true and correct copy of which is attached

hereto as Exhibit A.

2.        Capitalised terms not otherwise defined in this Declaration shall have the

meaning given to them in the Petition.

3.        In this Declaration, after describing by background and qualifications, I

provide a description of English law and practice relevant to this Court's consideration of the

Petition.

4.        In preparing this declaration, I have reviewed (i) the Petition, (ii) the

*Declaration of Paul Cooper in Support of Verified Petition for Entry of an Order Recognizing*

*Foreign Main Proceeding and Granting Additional Relief, and Other Relief and First Day*

*Pleadings* (the "Cooper Declaration"), and (iii) relevant provisions of the Insolvency Act and

other relevant provisions of English law as I consider may relate to chapter 15 of title 11 of the

United States Code and other aspects of U.S. bankruptcy law.

## PROFESSIONAL BACKGROUND AND QUALIFICATIONS

5.        I earned my undergraduate bachelor of arts degree in philosophy from the

University of Sussex.  I then attended the University of Law, Chester, where I completed the

Common Professional Examination/Graduate Diploma in Law, which I passed with

commendation in 1997, and the Legal Practice Course, which I passed with distinction in 1998.

I undertook my training contract as an English solicitor at the London office of Sidley Austin

LLP from March 1999 and was admitted to practice as a Solicitor of the Senior Courts of

England and Wales on 15 March 2001.  I have been a partner of Sidley Austin LLP since 1

January 2011, having been an associate at Sidley Austin LLP since I qualified.  My practice area

since 2001 has been corporate restructuring and insolvency, focusing in particular on complex

and cross-border matters.

6.      I have extensive experience in matters relating to English insolvency and

restructuring law.  I have advised insolvency practitioners, creditors, debtors and other

stakeholders in relation to administration proceedings, receivership, liquidation proceedings,

schemes of arrangement, voluntary arrangements, cross border  recognition proceedings, and

related matters.   I have advised in relation to a number of high profile administration

proceedings, many of which had cross-border aspects.

7.      Sidley Austin LLP has been advising the joint administrators of the

Debtors in connection with their administration proceedings, and the cross border recognition of

the same, since 8 November 2016.  I have been handling the matter, which has also involved a

number of other partners of the firm and the assistance of a number of our associates.

## STATEMENTS ON ENGLISH LAW AND PRACTICE

8.      Under the Insolvency Act, an administrator may be appointed to manage a

company's affairs, business and property.  A company is "in administration" while the

appointment of an administrator of the company has effect, and a company "enters

administration" when the appointment of an administrator has effect.

9.      A person may be appointed as an administrator of a company (i) by order

of the Chancery Division of the High Court of Justice of England and Wales (the "English

Court"); (ii) by the directors of the company; (iii) by the company itself (for example by

resolution of its members); or (iv) by the holder of a "qualifying floating charge."   An

administrator is an officer of the English Court whether or not he is appointed by the English

Court, and as such is subject to the control and supervision of the English Court.  A person may

3

only be appointed as an administrator if he is qualified to act as an insolvency practitioner in relation to the company.

10.     An administrator of a company must perform his functions with the objective of (a) rescuing the company as a going concern; (b) achieving a better result for the company's creditors as a whole than would be likely if the company were wound up (without first being in administration); or (c) realising property in order to make a distribution to one or more secured or preferred creditors.  The administrator must perform his functions with the objective in (a) unless he thinks either it is not reasonably practicable to achieve that objective, or that the objective in (b) would achieve a better result for the company's creditors as a whole. The administrator may perform his functions with objective (c) only if he thinks is not reasonably practicable to achieve either of objectives (a) or (b), and he does not unnecessarily harm the interests of the creditors of the company as a whole.

11.     The appointment of an administrator of a company by the company's directors takes effect when a notice of appointment is filed with the English Court, along with such other documents as may be prescribed (including a copy of the decision of the directors to appoint the administrator).  Amongst other requirements, the notice of appointment must include a statutory declaration by the relevant director as to various matters, including that the company is or is likely to become unable to pay its debts.

12.     The director is also required to declare, to the best of his knowledge and belief, whether Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings (the "EC Regulation") will or will not apply, and if it does, whether the administration proceedings will be main, secondary or territorial proceedings.  The EC Regulation applies to proceedings where the centre of the debtor's main interests is located within the European Union (the "EU").  The EC

Regulation recites that the "'centre of main interests' should correspond to the place where the debtor conducts the administration of his interests on a regular basis and is therefore ascertainable by third parties."

13.     In order to enter administration, a company must be a "company" as defined in paragraph 111(1A) of Schedule B1 to the Insolvency Act.  A "company" under that paragraph means (a) a company registered under the Companies Act 2006 in England and Wales or Scotland; (b) a company incorporated in a European Economic Area member country (an "EEA State") other than the United Kingdom; or (c) a company not incorporated in an EEA State but having its centre of main interests in a EU member state (other than Denmark).

14.     The jurisdiction of the English Court to open administration proceedings is circumscribed by the EC Regulation.  Article 3(1) of the EC Regulation "Main Insolvency Proceedings" provides that the courts of the member state within the territory of which the centre of a debtor's main interests is situated shall have the jurisdiction to open insolvency proceedings. The EC regulation defines "Insolvency proceedings" by reference to a list of collective proceedings set out in Annex A to the EC Regulation. In relation to the United Kingdom, Annex A expressly lists administration proceedings, including appointments made by filing prescribed documents with the English Court, as being collective insolvency proceedings for the purpose of the EC Regulation.

15.     Pursuant to Article 16 of the EC Regulation, the courts of the EU member states (other than Denmark) are obliged to recognise an administration for a company with its centre of main interest located in the United Kingdom.

16.     I understand that in the Cooper Declaration, Mr. Cooper testifies that in the cases of the UK Debtors, the director declared in the respective notice of appointment of

administrators that to the best of his knowledge and belief, the EC Regulation would apply and the proceedings would be main proceedings, because the company's centre of main interests should be presumed in accordance with article 3(1) of the EC Regulation to be at the place of the company's registered office.  I understand that Mr. Cooper further testified that in the cases of the US Debtors, the director also declared that to the best of his knowledge and belief, the EC Regulation would apply and the proceedings would be main proceedings.  The director declared that notwithstanding that the each US Debtor is incorporated under the laws of the State of Delaware, the place where the US Debtor conducts the administration of its interest on a regular basis and is therefore ascertainable by third parties is in England.

17.    While a company is the subject of an administration proceeding, it is managed by one or more administrators, and its directors are, in nearly all respects, restricted from exercising their powers without the consent of the administrator(s).[2]

18.    During an administration proceeding's pendency, a moratorium broadly akin to the Bankruptcy Code's automatic stay remains in effect.  The moratorium prohibits the commencement of winding up proceedings in respect of the company, and prohibits the taking of steps to enforce security over the company's property (wherever situated), the institution or continuation of legal proceedings against the company, or the exercise of certain rights of forfeiture and repossession, in each case without the consent of the administrator or with the permission of the English Court.

19.    On his appointment, an administrator is required to take custody or control of all the property to which he thinks the company is entitled, and is required to manage the affairs, business and property of the company in accordance with any proposals approved by the

---

[2] A debtor's directors cannot exercise any management power that could interfere with the exercise of the administrator's powers without prior consent from the administrator.  *See* Exhibit A at ¶ 64.

creditors (as described further in paragraph 24 below).  The administrator must comply with any directions given to him by the English Court in connection with any aspect of his management of the company's affairs, business, or property.

20.     The administrator acts as agent of the company, and is granted broad statutory powers (which may be exercised without sanction of the English Court) and which are set out in Schedule 1 to the Insolvency Act, a true and correct copy of which is attached hereto as Exhibit B.  These include the power to do all acts and to execute documents in the name of the company, to sell property of the company, to carry on the business of the company, to raise or borrow money, to appoint professionals to assist him in the performance of his functions, to bring or defend legal proceedings in the name of the debtor, to establish subsidiaries and transfer property to them, to make any payments necessary or incidental to the performance of his functions, to grant or accept a surrender of a lease or tenancy of any property of the company, to make any arrangement or compromise on behalf of the company, and to do all things incidental to the exercise of such powers.

21.     In my view, the powers granted to an administrator under the Insolvency Act are sufficiently broad to allow him to act as a foreign representative of the company of which he is administrator.

22.     An administrator must take certain action as soon as is reasonably practicable following his appointment, including publishing a notice of his appointment in certain prescribed publications, obtaining a list of the company's creditors, and sending a notice of his appointment to each creditor of whose claim and address he is aware.

23.     The administrator must also prepare a statement setting out proposals for achieving the purpose of the administration, and send a copy of the statement to certain prescribed

persons including each creditor of the company of whose claim and address he is aware. The statement must be sent as soon as is reasonably practicable and in any event before the end of the period of eight weeks beginning with the day on which the company enters administration. The proposals must be accompanied with an invitation to the initial creditors' meeting the date of which must be as soon as is reasonably practicable and in any event before the end of the period of ten weeks beginning with the day on which the company enters administration. In certain circumstances, for example where the company has insufficient assets to enable a distribution to be made to unsecured creditors, the administrator is not automatically required to convene an initial creditors' meeting, but must do so if requested by creditors whose debts amount to at least 10 per cent. of the total debts of the company.

24.     The initial creditors' meeting should consider the administrator's proposals and may approve the proposals without modification or with modification to which the administrator consents. The administrator must report the decision of the meeting to the English Court, and certain other prescribed persons. If the meeting does not approve the proposals, the English Court may make any order it thinks appropriate, including ending the administration or that the company be wound up.

25.     The administrator is required to convene further creditor's meetings if requested to do so by creditors whose debts amount to at least 10 per cent. of the total debts of the company.

26.     A creditor or member of a company in administration may apply to the English Court claiming that the administrator is acting or has acted (or proposes to act) so as unfairly to harm the interests of the applicant (whether alone or in common with some or all other members or creditors). The English Court may make such order as it thinks appropriate including

to regulate the administrator's exercise of his functions, require the administrator to do or not to do a specified thing, call a creditors' meeting, or end the administration.

27.     The English Court may also examine the conduct of an administrator, on the application of certain prescribed persons including any creditor of the company.  Such an application must allege that the administrator has misapplied or retained money or property of the company, has become accountable for money or other property of the company, has breached a fiduciary duty or other duty in relation to the company or has been guilty of misfeasance.  The English Court may order the administrator to repay restore or account for the money, to pay interest, or to contribute a sum by way of compensation for breach of duty or misfeasance.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## **CONCLUSION**

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on this _15_ day of December 2016

In London, United Kingdom

Phillip Taylor

Partner, Sidley Austin LLP

## EXHIBIT A

**Schedule B1 to the Insolvency Act 1986**

---

***Changes to legislation:*** *There are outstanding changes not yet made by the legislation.gov.uk editorial team to Insolvency Act 1986. Any changes that have already been made by the team appear in the content and are referenced with annotations. (See end of Document for details)*

---

# S C H E D U L E S

## [F1SCHEDULE B1

### ADMINISTRATION

| **Annotations:** |
|---|
| **Amendments (Textual)** |
| **F1**  Sch. B1 inserted (15.9.2003) by 2002 c. 40, ss. 248(2), 279, Sch. 16 (with s. 249(1)-(3)(6)); S.I. 2003/2093, **art. 2(1)**, Sch. 1 (subject to arts. 3-8 (as amended by S.I. 2003/2332, art. 2)) |
| **Modifications etc. (not altering text)** |
| **C1**  Sch. B1: specified provisions applied (with modifications) (5.10.2004) by Energy Act 2004 (c. 20), ss. 159(1), 198, **Sch. 20 Pts. 1-3**; S.I. 2004/2575, **art. 2(1)**, Sch. 1 |
| **C2**  Sch. B1 applied (with modifications) (1.7. 2005) by S.I. 1994/2421, art. 6(1), Sch. 2 (as amended (1.7.2005) by S.I. 2005/1516, **arts. 3**, 7, Sch. 1 (with art. 2)) |
| **C3**  Sch. B1: specified provisions applied (with modifications) (1.10.2011) by Postal Services Act 2011 (c. 5), ss. 73, 93(2)(3), {Sch. 10 Pts. 1, 2}; S.I. 2011/2329, **art. 3** (with arts. 4, 5) |

### ARRANGEMENT OF SCHEDULE

| | |
|---|---|
| Nature of administration | Paragraphs 1 to 9 |
| Appointment of administrator by court | Paragraphs 10 to 13 |
| Appointment of administrator by holder of floating charge | Paragraphs 14 to 21 |
| Appointment of administrator by company or directors | Paragraphs 22 to 34 |
| Administration application: special cases | Paragraphs 35 to 39 |
| Effect of administration | Paragraphs 40 to 45 |
| Process of administration | Paragraphs 46 to 58 |
| Functions of administrator | Paragraphs 59 to 75 |
| Ending administration | Paragraphs 76 to 86 |
| Replacing administrator | Paragraphs 87 to 99 |
| General | Paragraphs 100 to 116 |

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

## NATURE OF ADMINISTRATION

*Administration*

1     (1) For the purposes of this Act "administrator" of a company means a person appointed under this Schedule to manage the company's affairs, business and property.

    (2) For the purposes of this Act—

        (a) a company is "in administration" while the appointment of an administrator of the company has effect,

        (b) a company "enters administration" when the appointment of an administrator takes effect,

        (c) a company ceases to be in administration when the appointment of an administrator of the company ceases to have effect in accordance with this Schedule, and

        (d) a company does not cease to be in administration merely because an administrator vacates office (by reason of resignation, death or otherwise) or is removed from office.

2     A person may be appointed as administrator of a company—

        (a) by administration order of the court under paragraph 10,

        (b) by the holder of a floating charge under paragraph 14, or

        (c) by the company or its directors under paragraph 22.

*Purpose of administration*

3     (1) The administrator of a company must perform his functions with the objective of—

        (a) rescuing the company as a going concern, or

        (b) achieving a better result for the company's creditors as a whole than would be likely if the company were wound up (without first being in administration), or

        (c) realising property in order to make a distribution to one or more secured or preferential creditors.

    (2) Subject to sub-paragraph (4), the administrator of a company must perform his functions in the interests of the company's creditors as a whole.

    (3) The administrator must perform his functions with the objective specified in sub-paragraph (1)(a) unless he thinks either—

        (a) that it is not reasonably practicable to achieve that objective, or

        (b) that the objective specified in sub-paragraph (1)(b) would achieve a better result for the company's creditors as a whole.

    (4) The administrator may perform his functions with the objective specified in sub-paragraph (1)(c) only if—

        (a) he thinks that it is not reasonably practicable to achieve either of the objectives specified in sub-paragraph (1)(a) and (b), and

        (b) he does not unnecessarily harm the interests of the creditors of the company as a whole.

4     The administrator of a company must perform his functions as quickly and efficiently as is reasonably practicable.

---

**Changes to legislation:** *There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)*

---

*Status of administrator*

5        An administrator is an officer of the court (whether or not he is appointed by the court).

*General restrictions*

6        A person may be appointed as administrator of a company only if he is qualified to act as an insolvency practitioner in relation to the company.

7        A person may not be appointed as administrator of a company which is in administration (subject to the provisions of paragraphs 90 to 97 and 100 to 103 about replacement and additional administrators).

8        (1) A person may not be appointed as administrator of a company which is in liquidation by virtue of—

   (a)    a resolution for voluntary winding up, or

   (b)    a winding-up order.

   (2) Sub-paragraph (1)(a) is subject to paragraph 38.

   (3) Sub-paragraph (1)(b) is subject to paragraphs 37 and 38.

9        (1) A person may not be appointed as administrator of a company which—

   (a)    has a liability in respect of a deposit which it accepted in accordance with the Banking Act 1979 (c. 37) or 1987 (c. 22), but

   (b)    is not an authorised deposit taker.

   (2) A person may not be appointed as administrator of a company which effects or carries out contracts of insurance.

   (3) But sub-paragraph (2) does not apply to a company which—

   (a)    is exempt from the general prohibition in relation to effecting or carrying out contracts of insurance, or

   (b)    is an authorised deposit taker effecting or carrying out contracts of insurance in the course of a banking business.

   (4) In this paragraph—

         "authorised deposit taker" means a person with permission under Part IV of the Financial Services and Markets Act 2000 (c. 8) to accept deposits, and

         "the general prohibition" has the meaning given by section 19 of that Act.

   (5) This paragraph shall be construed in accordance with—

   (a)    section 22 of the Financial Services and Markets Act 2000 (classes of regulated activity and categories of investment),

   (b)    any relevant order under that section, and

   (c)    Schedule 2 to that Act (regulated activities).

APPOINTMENT OF ADMINISTRATOR BY COURT

*Administration order*

10      An administration order is an order appointing a person as the administrator of a company.

---

*Changes to legislation: There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)*

---

*Conditions for making order*

11          The court may make an administration order in relation to a company only if satisfied
            —
            (a)    that the company is or is likely to become unable to pay its debts, and
            (b)    that the administration order is reasonably likely to achieve the purpose of
                   administration.

*Administration application*

12    (1)    An application to the court for an administration order in respect of a company (an
            "administration application") may be made only by—
            (a)    the company,
            (b)    the directors of the company,
            (c)    one or more creditors of the company,
            (d)    the [**F2**designated officer] for a magistrates' court in the exercise of the power
                   conferred by section 87A of the Magistrates' Courts Act 1980 (c. 43) (fine
                   imposed on company), or
            (e)    a combination of persons listed in paragraphs (a) to (d).

      (2)    As soon as is reasonably practicable after the making of an administration application
            the applicant shall notify—
            (a)    any person who has appointed an administrative receiver of the company,
            (b)    any person who is or may be entitled to appoint an administrative receiver
                   of the company,
            (c)    any person who is or may be entitled to appoint an administrator of the
                   company under paragraph 14, and
            (d)    such other persons as may be prescribed.

      (3)    An administration application may not be withdrawn without the permission of the
            court.

      (4)    In sub-paragraph (1) "creditor" includes a contingent creditor and a prospective
            creditor.

      [**F3**(5)    Sub-paragraph (1) is without prejudice to section 7(4)(b).]

> **Annotations:**
>
> ..................................................................................................................
>
> **Amendments (Textual)**
>     **F2**    Words in *Sch. B1 para. 12(1)(d)* substituted (1.4.2005) by *Courts Act 2003 (c. 39), ss. 109(1), 110, **Sch.
>              8 para. 299**; S.I. 2005/910, **art. 3(y)***
>     **F3**    *Sch. B1 para. 12(5)* added (15.9.2003) by *The Enterprise Act 2002 (Insolvency) Order 2003 (S.I.
>              2003/2096), **art. 2(2)***

*Powers of court*

13    (1)    On hearing an administration application the court may—
            (a)    make the administration order sought;
            (b)    dismiss the application;
            (c)    adjourn the hearing conditionally or unconditionally;

*Changes to legislation: There are outstanding changes not yet made by the legislation.gov.uk editorial team to Insolvency Act 1986. Any changes that have already been made by the team appear in the content and are referenced with annotations. (See end of Document for details)*

    (d)   make an interim order;

    (e)   treat the application as a winding-up petition and make any order which the court could make under section 125;

    (f)   make any other order which the court thinks appropriate.

(2) An appointment of an administrator by administration order takes effect—

    (a)   at a time appointed by the order, or

    (b)   where no time is appointed by the order, when the order is made.

(3) An interim order under sub-paragraph (1)(d) may, in particular—

    (a)   restrict the exercise of a power of the directors or the company;

    (b)   make provision conferring a discretion on the court or on a person qualified to act as an insolvency practitioner in relation to the company.

(4) This paragraph is subject to paragraph 39.

---

**Annotations:**

**Modifications etc. (not altering text)**

C4   Sch. B1 para. 13 restricted (5.10.2004) by Energy Act 2004 (c. 20), **ss. 162(3)**, 198; S.I. 2004/2575, **art. 2(1)**, Sch. 1

---

APPOINTMENT OF ADMINISTRATOR BY HOLDER OF FLOATING CHARGE

*Power to appoint*

14    (1) The holder of a qualifying floating charge in respect of a company's property may appoint an administrator of the company.

    (2) For the purposes of sub-paragraph (1) a floating charge qualifies if created by an instrument which—

        (a)   states that this paragraph applies to the floating charge,

        (b)   purports to empower the holder of the floating charge to appoint an administrator of the company,

        (c)   purports to empower the holder of the floating charge to make an appointment which would be the appointment of an administrative receiver within the meaning given by section 29(2), or

        (d)   purports to empower the holder of a floating charge in Scotland to appoint a receiver who on appointment would be an administrative receiver.

    (3) For the purposes of sub-paragraph (1) a person is the holder of a qualifying floating charge in respect of a company's property if he holds one or more debentures of the company secured—

        (a)   by a qualifying floating charge which relates to the whole or substantially the whole of the company's property,

        (b)   by a number of qualifying floating charges which together relate to the whole or substantially the whole of the company's property, or

        (c)   by charges and other forms of security which together relate to the whole or substantially the whole of the company's property and at least one of which is a qualifying floating charge.

---

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

**Annotations:**

**Modifications etc. (not altering text)**
**C5**    Sch. B1 para. 14 restricted (5.10.2004) by Energy Act 2004 (c. 20), **ss. 163**, 198; S.I. 2004/2575, **art. 2(1)**, Sch. 1

*Restrictions on power to appoint*

15    (1) A person may not appoint an administrator under paragraph 14 unless—
    (a)    he has given at least two business days' written notice to the holder of any prior floating charge which satisfies paragraph 14(2), or
    (b)    the holder of any prior floating charge which satisfies paragraph 14(2) has consented in writing to the making of the appointment.

(2) One floating charge is prior to another for the purposes of this paragraph if—
    (a)    it was created first, or
    (b)    it is to be treated as having priority in accordance with an agreement to which the holder of each floating charge was party.

(3) Sub-paragraph (2) shall have effect in relation to Scotland as if the following were substituted for paragraph (a)—
    ("    it has priority of ranking in accordance with section 464(4)(b) of the Companies Act 1985 (c. 6), ".

16    An administrator may not be appointed under paragraph 14 while a floating charge on which the appointment relies is not enforceable.

17    An administrator of a company may not be appointed under paragraph 14 if—
    (a)    a provisional liquidator of the company has been appointed under section 135, or
    (b)    an administrative receiver of the company is in office.

*Notice of appointment*

18    (1) A person who appoints an administrator of a company under paragraph 14 shall file with the court—
    (a)    a notice of appointment, and
    (b)    such other documents as may be prescribed.

(2) The notice of appointment must include a statutory declaration by or on behalf of the person who makes the appointment—
    (a)    that the person is the holder of a qualifying floating charge in respect of the company's property,
    (b)    that each floating charge relied on in making the appointment is (or was) enforceable on the date of the appointment, and
    (c)    that the appointment is in accordance with this Schedule.

(3) The notice of appointment must identify the administrator and must be accompanied by a statement by the administrator—
    (a)    that he consents to the appointment,
    (b)    that in his opinion the purpose of administration is reasonably likely to be achieved, and

**Changes to legislation:** *There are outstanding changes not yet made by the legislation.gov.uk*
*editorial team to Insolvency Act 1986. Any changes that have already been made by the team*
*appear in the content and are referenced with annotations. (See end of Document for details)*

(c)    giving such other information and opinions as may be prescribed.

(4) For the purpose of a statement under sub-paragraph (3) an administrator may rely on information supplied by directors of the company (unless he has reason to doubt its accuracy).

(5) The notice of appointment and any document accompanying it must be in the prescribed form.

(6) A statutory declaration under sub-paragraph (2) must be made during the prescribed period.

(7) A person commits an offence if in a statutory declaration under sub-paragraph (2) he makes a statement—

(a)    which is false, and

(b)    which he does not reasonably believe to be true.

*Commencement of appointment*

19        The appointment of an administrator under paragraph 14 takes effect when the requirements of paragraph 18 are satisfied.

20        A person who appoints an administrator under paragraph 14—

(a)    shall notify the administrator and such other persons as may be prescribed as soon as is reasonably practicable after the requirements of paragraph 18 are satisfied, and

(b)    commits an offence if he fails without reasonable excuse to comply with paragraph (a).

*Invalid appointment: indemnity*

21        (1) This paragraph applies where—

(a)    a person purports to appoint an administrator under paragraph 14, and

(b)    the appointment is discovered to be invalid.

(2) The court may order the person who purported to make the appointment to indemnify the person appointed against liability which arises solely by reason of the appointment's invalidity.

APPOINTMENT OF ADMINISTRATOR BY COMPANY OR DIRECTORS

*Power to appoint*

22        (1) A company may appoint an administrator.

(2) The directors of a company may appoint an administrator.

**Annotations:**

**Modifications etc. (not altering text)**

C6      Sch. B1 para. 22 restricted (5.10.2004) by Energy Act 2004 (c. 20), **ss. 163**, 198; S.I. 2004/2575, **art. 2(1)**, Sch. 1

*Changes to legislation: There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)*

*Restrictions on power to appoint*

23    (1) This paragraph applies where an administrator of a company is appointed—

    (a)    under paragraph 22, or

    (b)    on an administration application made by the company or its directors.

(2) An administrator of the company may not be appointed under paragraph 22 during the period of 12 months beginning with the date on which the appointment referred to in sub-paragraph (1) ceases to have effect.

24    (1) If a moratorium for a company under Schedule A1 ends on a date when no voluntary arrangement is in force in respect of the company, this paragraph applies for the period of 12 months beginning with that date.

(2) This paragraph also applies for the period of 12 months beginning with the date on which a voluntary arrangement in respect of a company ends if—

    (a)    the arrangement was made during a moratorium for the company under Schedule A1, and

    (b)    the arrangement ends prematurely (within the meaning of section 7B).

(3) While this paragraph applies, an administrator of the company may not be appointed under paragraph 22.

25    An administrator of a company may not be appointed under paragraph 22 if—

    (a)    a petition for the winding up of the company has been presented and is not yet disposed of,

    (b)    an administration application has been made and is not yet disposed of, or

    (c)    an administrative receiver of the company is in office.

*Notice of intention to appoint*

26    (1) A person who proposes to make an appointment under paragraph 22 shall give at least five business days' written notice to—

    (a)    any person who is or may be entitled to appoint an administrative receiver of the company, and

    (b)    any person who is or may be entitled to appoint an administrator of the company under paragraph 14.

(2) A person who proposes to make an appointment under paragraph 22 shall also give such notice as may be prescribed to such other persons as may be prescribed.

(3) A notice under this paragraph must—

    (a)    identify the proposed administrator, and

    (b)    be in the prescribed form.

27    (1) A person who gives notice of intention to appoint under paragraph 26 shall file with the court as soon as is reasonably practicable a copy of—

    (a)    the notice, and

    (b)    any document accompanying it.

(2) The copy filed under sub-paragraph (1) must be accompanied by a statutory declaration made by or on behalf of the person who proposes to make the appointment—

    (a)    that the company is or is likely to become unable to pay its debts,

**Changes to legislation:** *There are outstanding changes not yet made by the legislation.gov.uk*
*editorial team to Insolvency Act 1986. Any changes that have already been made by the team*
*appear in the content and are referenced with annotations. (See end of Document for details)*

    (b)   that the company is not in liquidation, and

    (c)   that, so far as the person making the statement is able to ascertain, the appointment is not prevented by paragraphs 23 to 25, and

    (d)   to such additional effect, and giving such information, as may be prescribed.

(3) A statutory declaration under sub-paragraph (2) must—

    (a)   be in the prescribed form, and

    (b)   be made during the prescribed period.

(4) A person commits an offence if in a statutory declaration under sub-paragraph (2) he makes a statement—

    (a)   which is false, and

    (b)   which he does not reasonably believe to be true.

**28**    (1) An appointment may not be made under paragraph 22 unless the person who makes the appointment has complied with any requirement of paragraphs 26 and 27 and—

    (a)   the period of notice specified in paragraph 26(1) has expired, or

    (b)   each person to whom notice has been given under paragraph 26(1) has consented in writing to the making of the appointment.

(2) An appointment may not be made under paragraph 22 after the period of ten business days beginning with the date on which the notice of intention to appoint is filed under paragraph 27(1).

*Notice of appointment*

**29**    (1) A person who appoints an administrator of a company under paragraph 22 shall file with the court—

    (a)   a notice of appointment, and

    (b)   such other documents as may be prescribed.

(2) The notice of appointment must include a statutory declaration by or on behalf of the person who makes the appointment—

    (a)   that the person is entitled to make an appointment under paragraph 22,

    (b)   that the appointment is in accordance with this Schedule, and

    (c)   that, so far as the person making the statement is able to ascertain, the statements made and information given in the statutory declaration filed with the notice of intention to appoint remain accurate.

(3) The notice of appointment must identify the administrator and must be accompanied by a statement by the administrator—

    (a)   that he consents to the appointment,

    (b)   that in his opinion the purpose of administration is reasonably likely to be achieved, and

    (c)   giving such other information and opinions as may be prescribed.

(4) For the purpose of a statement under sub-paragraph (3) an administrator may rely on information supplied by directors of the company (unless he has reason to doubt its accuracy).

(5) The notice of appointment and any document accompanying it must be in the prescribed form.

*Changes to legislation: There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)*

(6) A statutory declaration under sub-paragraph (2) must be made during the prescribed period.

(7) A person commits an offence if in a statutory declaration under sub-paragraph (2) he makes a statement—

  (a)  which is false, and

  (b)  which he does not reasonably believe to be true.

30    In a case in which no person is entitled to notice of intention to appoint under paragraph 26(1) (and paragraph 28 therefore does not apply)—

  (a)  the statutory declaration accompanying the notice of appointment must include the statements and information required under paragraph 27(2), and

  (b)  paragraph 29(2)(c) shall not apply.

*Commencement of appointment*

31    The appointment of an administrator under paragraph 22 takes effect when the requirements of paragraph 29 are satisfied.

32    A person who appoints an administrator under paragraph 22—

  (a)  shall notify the administrator and such other persons as may be prescribed as soon as is reasonably practicable after the requirements of paragraph 29 are satisfied, and

  (b)  commits an offence if he fails without reasonable excuse to comply with paragraph (a).

33    If before the requirements of paragraph 29 are satisfied the company enters administration by virtue of an administration order or an appointment under paragraph 14—

  (a)  the appointment under paragraph 22 shall not take effect, and

  (b)  paragraph 32 shall not apply.

*Invalid appointment: indemnity*

34    (1) This paragraph applies where—

  (a)  a person purports to appoint an administrator under paragraph 22, and

  (b)  the appointment is discovered to be invalid.

(2) The court may order the person who purported to make the appointment to indemnify the person appointed against liability which arises solely by reason of the appointment's invalidity.

ADMINISTRATION APPLICATION – SPECIAL CASES

*Application by holder of floating charge*

35    (1) This paragraph applies where an administration application in respect of a company —

  (a)  is made by the holder of a qualifying floating charge in respect of the company's property, and

  (b)  includes a statement that the application is made in reliance on this paragraph.

---

**Changes to legislation:** There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

(2) The court may make an administration order—

  (a)  whether or not satisfied that the company is or is likely to become unable to pay its debts, but

  (b)  only if satisfied that the applicant could appoint an administrator under paragraph 14.

*Intervention by holder of floating charge*

36  (1) This paragraph applies where—

  (a)  an administration application in respect of a company is made by a person who is not the holder of a qualifying floating charge in respect of the company's property, and

  (b)  the holder of a qualifying floating charge in respect of the company's property applies to the court to have a specified person appointed as administrator (and not the person specified by the administration applicant).

(2) The court shall grant an application under sub-paragraph (1)(b) unless the court thinks it right to refuse the application because of the particular circumstances of the case.

*Application where company in liquidation*

37  (1) This paragraph applies where the holder of a qualifying floating charge in respect of a company's property could appoint an administrator under paragraph 14 but for paragraph 8(1)(b).

(2) The holder of the qualifying floating charge may make an administration application.

(3) If the court makes an administration order on hearing an application made by virtue of sub-paragraph (2)—

  (a)  the court shall discharge the winding-up order,

  (b)  the court shall make provision for such matters as may be prescribed,

  (c)  the court may make other consequential provision,

  (d)  the court shall specify which of the powers under this Schedule are to be exercisable by the administrator, and

  (e)  this Schedule shall have effect with such modifications as the court may specify.

38  (1) The liquidator of a company may make an administration application.

(2) If the court makes an administration order on hearing an application made by virtue of sub-paragraph (1)—

  (a)  the court shall discharge any winding-up order in respect of the company,

  (b)  the court shall make provision for such matters as may be prescribed,

  (c)  the court may make other consequential provision,

  (d)  the court shall specify which of the powers under this Schedule are to be exercisable by the administrator, and

  (e)  this Schedule shall have effect with such modifications as the court may specify.

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

*Effect of administrative receivership*

39    (1) Where there is an administrative receiver of a company the court must dismiss an administration application in respect of the company unless—

    (a)   the person by or on behalf of whom the receiver was appointed consents to the making of the administration order,

    (b)   the court thinks that the security by virtue of which the receiver was appointed would be liable to be released or discharged under sections 238 to 240 (transaction at undervalue and preference) if an administration order were made,

    (c)   the court thinks that the security by virtue of which the receiver was appointed would be avoided under section 245 (avoidance of floating charge) if an administration order were made, or

    (d)   the court thinks that the security by virtue of which the receiver was appointed would be challengeable under section 242 (gratuitous alienations) or 243 (unfair preferences) or under any rule of law in Scotland.

    (2) Sub-paragraph (1) applies whether the administrative receiver is appointed before or after the making of the administration application.

EFFECT OF ADMINISTRATION

*Dismissal of pending winding-up petition*

40    (1) A petition for the winding up of a company—

    (a)   shall be dismissed on the making of an administration order in respect of the company, and

    (b)   shall be suspended while the company is in administration following an appointment under paragraph 14.

    (2) Sub-paragraph (1)(b) does not apply to a petition presented under—

    (a)   section 124A (public interest), or

    [**F4**(aa)   section 124B (SEs),]

    (b)   section 367 of the Financial Services and Markets Act 2000 (c. 8) (petition by Financial Services Authority).

    (3) Where an administrator becomes aware that a petition was presented under a provision referred to in sub-paragraph (2) before his appointment, he shall apply to the court for directions under paragraph 63.

---

**Annotations:**

**Amendments (Textual)**

**F4**   Sch. B1 para. 40(2)(aa) inserted (8.10.2004) by The European Public Limited-Liability Company Regulations 2004 (S.I. 2004/2326), **reg. 73(4)(c)**

**Modifications etc. (not altering text)**

**C7**   Sch. B1 para. 40 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 119**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 2

**C8**   Sch. B1 para. 40(1)(a) applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

*Dismissal of administrative or other receiver*

41    (1) When an administration order takes effect in respect of a company any administrative receiver of the company shall vacate office.

(2) Where a company is in administration, any receiver of part of the company's property shall vacate office if the administrator requires him to.

(3) Where an administrative receiver or receiver vacates office under sub-paragraph (1) or (2)—

    (a)    his remuneration shall be charged on and paid out of any property of the company which was in his custody or under his control immediately before he vacated office, and

    (b)    he need not take any further steps under section 40 or 59.

(4) In the application of sub-paragraph (3)(a)—

    (a)    "remuneration" includes expenses properly incurred and any indemnity to which the administrative receiver or receiver is entitled out of the assets of the company,

    (b)    the charge imposed takes priority over security held by the person by whom or on whose behalf the administrative receiver or receiver was appointed, and

    (c)    the provision for payment is subject to paragraph 43.

---

**Annotations:**

**Modifications etc. (not altering text)**

C9    Sch. B1 para. 41 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

C10   Sch. B1 para. 41(2) excluded (26.12.2003) by The Financial Collateral Arrangements (No.2) Regulations 2003 (S.I. 2003/3226), **reg. 8(2)**

---

*Moratorium on insolvency proceedings*

42    (1) This paragraph applies to a company in administration.

(2) No resolution may be passed for the winding up of the company.

(3) No order may be made for the winding up of the company.

(4) Sub-paragraph (3) does not apply to an order made on a petition presented under—

    (a)    section 124A (public interest), or

    [<sup>F5</sup>(aa)    section 124B (SEs),]

    (b)    section 367 of the Financial Services and Markets Act 2000 (c. 8) (petition by Financial Services Authority).

(5) If a petition presented under a provision referred to in sub-paragraph (4) comes to the attention of the administrator, he shall apply to the court for directions under paragraph 63.

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk editorial team to Insolvency Act 1986. Any changes that have already been made by the team appear in the content and are referenced with annotations. (See end of Document for details)

---

**Annotations:**

**Amendments (Textual)**

**F5**    Sch. B1 para. 42(4)(aa) inserted (8.10.2004) by The European Public Limited-Liability Company Regulations 2004 (S.I. 2004/2326), **reg. 73(4)(c)**

**Modifications etc. (not altering text)**

**C11**    Sch. B1 para. 42 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 119**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 2

**C12**    Sch. B1 para. 42 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Moratorium on other legal process*

43    (1) This paragraph applies to a company in administration.

(2) No step may be taken to enforce security over the company's property except—
    (a)    with the consent of the administrator, or
    (b)    with the permission of the court.

(3) No step may be taken to repossess goods in the company's possession under a hire-purchase agreement except—
    (a)    with the consent of the administrator, or
    (b)    with the permission of the court.

(4) A landlord may not exercise a right of forfeiture by peaceable re-entry in relation to premises let to the company except—
    (a)    with the consent of the administrator, or
    (b)    with the permission of the court.

(5) In Scotland, a landlord may not exercise a right of irritancy in relation to premises let to the company except—
    (a)    with the consent of the administrator, or
    (b)    with the permission of the court.

(6) No legal process (including legal proceedings, execution, distress and diligence) may be instituted or continued against the company or property of the company except—
    (a)    with the consent of the administrator, or
    (b)    with the permission of the court.

[**F6**(6A) An administrative receiver of the company may not be appointed.]

(7) Where the court gives permission for a transaction under this paragraph it may impose a condition on or a requirement in connection with the transaction.

(8) In this paragraph "landlord" includes a person to whom rent is payable.

---

**Annotations:**

**Amendments (Textual)**

**F6**    Sch. B1 para. 43(6A) inserted (15.9.2003) by The Enterprise Act 2002 (Insolvency) Order 2003 (S.I. 2003/2096), **art. 2(3)**

---

*Changes to legislation: There are outstanding changes not yet made by the legislation.gov.uk*
*editorial team to Insolvency Act 1986. Any changes that have already been made by the team*
*appear in the content and are referenced with annotations. (See end of Document for details)*

---

**Modifications etc. (not altering text)**

**C13**   Sch. B1 para. 43 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

**C14**   Sch. B1 para. 43(2) excluded (26.12.2003) by The Financial Collateral Arrangements (No.2) Regulations 2003 (S.I. 2003/3226), **reg. 8(1)(a)**

*Interim moratorium*

44   (1) This paragraph applies where an administration application in respect of a company has been made and—

   (a)   the application has not yet been granted or dismissed, or

   (b)   the application has been granted but the administration order has not yet taken effect.

(2) This paragraph also applies from the time when a copy of notice of intention to appoint an administrator under paragraph 14 is filed with the court until—

   (a)   the appointment of the administrator takes effect, or

   (b)   the period of five business days beginning with the date of filing expires without an administrator having been appointed.

(3) Sub-paragraph (2) has effect in relation to a notice of intention to appoint only if it is in the prescribed form.

(4) This paragraph also applies from the time when a copy of notice of intention to appoint an administrator is filed with the court under paragraph 27(1) until—

   (a)   the appointment of the administrator takes effect, or

   (b)   the period specified in paragraph 28(2) expires without an administrator having been appointed.

(5) The provisions of paragraphs 42 and 43 shall apply (ignoring any reference to the consent of the administrator).

(6) If there is an administrative receiver of the company when the administration application is made, the provisions of paragraphs 42 and 43 shall not begin to apply by virtue of this paragraph until the person by or on behalf of whom the receiver was appointed consents to the making of the administration order.

(7) This paragraph does not prevent or require the permission of the court for—

   (a)   the presentation of a petition for the winding up of the company under a provision mentioned in paragraph 42(4),

   (b)   the appointment of an administrator under paragraph 14,

   (c)   the appointment of an administrative receiver of the company, or

   (d)   the carrying out by an administrative receiver (whenever appointed) of his functions.

**Annotations:**

**Modifications etc. (not altering text)**

**C15**   Sch. B1 para. 44 restricted (5.10.2004) by Energy Act 2004 (c. 20), **ss. 162(4)**, **163(4)**, 198; S.I. 2004/2575, **art. 2(1)**, Sch. 1

**C16**   Sch. B1 para. 44 restricted (1.10.2011) by Postal Services Act 2011 (c. 5), **ss. 76(4)**, 85(8), 93(2)(3); S.I. 2011/2329, **art. 3** (with arts. 4, 5)

*Insolvency Act 1986 (c. 45)*
*SCHEDULE B1 – ADMINISTRATION*
*Document Generated: 2016-11-25*

**Changes to legislation:** *There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)*

C17    Sch. B1 para. 44 restricted (1.10.2011) by Postal Services Act 2011 (c. 5), **ss. 77(5)**, 85(8), 93(2)(3); S.I.
       2011/2329, **art. 3** (with arts. 4, 5)
C18    Sch. B1 para. 44(1)(a) applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009)
       by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3
C19    Sch. B1 para. 44(5) applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009)
       by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

*Publicity*

45    (1) While a company is in administration, every business document issued by or on
      behalf of the company or the administrator, and all the company's websites, must
      state—
           (a)    the name of the administrator, and
           (b)    that the affairs, business and property of the company are being managed by
                  the administrator.

      (2) Any of the following persons commits an offence if without reasonable excuse the
      person authorises or permits a contravention of sub-paragraph (1)—
           (a)    the administrator,
           (b)    an officer of the company, and
           (c)    the company.

      (3) In sub-paragraph (1) "business document" means—
           (a)    an invoice,
           (b)    an order for goods or services,
           (c)    a business letter, and
           (d)    an order form,
      whether in hard copy, electronic or any other form.]

---

**Annotations:**

**Amendments (Textual)**
F7    Sch. B1 para. 45 substituted (1.10.2008) by The Companies (Trading Disclosures) (Insolvency)
      Regulations 2008 (S.I. 2008/1897), **reg. 4(1)**

---

PROCESS OF ADMINISTRATION

*Announcement of administrator's appointment*

46    (1) This paragraph applies where a person becomes the administrator of a company.

      (2) As soon as is reasonably practicable the administrator shall—
           (a)    send a notice of his appointment to the company, and
           (b)    publish a notice of his appointment in the prescribed manner.

      (3) As soon as is reasonably practicable the administrator shall—
           (a)    obtain a list of the company's creditors, and
           (b)    send a notice of his appointment to each creditor of whose claim and address
                  he is aware.

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

(4) The administrator shall send a notice of his appointment to the registrar of companies before the end of the period of 7 days beginning with the date specified in sub-paragraph (6).

(5) The administrator shall send a notice of his appointment to such persons as may be prescribed before the end of the prescribed period beginning with the date specified in sub-paragraph (6).

(6) The date for the purpose of sub-paragraphs (4) and (5) is—

    (a)    in the case of an administrator appointed by administration order, the date of the order,

    (b)    in the case of an administrator appointed under paragraph 14, the date on which he receives notice under paragraph 20, and

    (c)    in the case of an administrator appointed under paragraph 22, the date on which he receives notice under paragraph 32.

(7) The court may direct that sub-paragraph (3)(b) or (5)—

    (a)    shall not apply, or

    (b)    shall apply with the substitution of a different period.

(8) A notice under this paragraph must—

    (a)    contain the prescribed information, and

    (b)    be in the prescribed form.

(9) An administrator commits an offence if he fails without reasonable excuse to comply with a requirement of this paragraph.

---

**Annotations:**

**Modifications etc. (not altering text)**

  **C20**  Sch. B1 para. 46 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Statement of company's affairs*

47    (1) As soon as is reasonably practicable after appointment the administrator of a company shall by notice in the prescribed form require one or more relevant persons to provide the administrator with a statement of the affairs of the company.

(2) The statement must—

    (a)    be verified by a statement of truth in accordance with Civil Procedure Rules,

    (b)    be in the prescribed form,

    (c)    give particulars of the company's property, debts and liabilities,

    (d)    give the names and addresses of the company's creditors,

    (e)    specify the security held by each creditor,

    (f)    give the date on which each security was granted, and

    (g)    contain such other information as may be prescribed.

(3) In sub-paragraph (1) "relevant person" means—

    (a)    a person who is or has been an officer of the company,

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

   (b)   a person who took part in the formation of the company during the period of one year ending with the date on which the company enters administration,

   (c)   a person employed by the company during that period, and

   (d)   a person who is or has been during that period an officer or employee of a company which is or has been during that year an officer of the company.

(4) For the purpose of sub-paragraph (3) a reference to employment is a reference to employment through a contract of employment or a contract for services.

(5) In Scotland, a statement of affairs under sub-paragraph (1) must be a statutory declaration made in accordance with the Statutory Declarations Act 1835 (c. 62) (and sub-paragraph (2)(a) shall not apply).

---

**Annotations:**

**Modifications etc. (not altering text)**
  **C21**  Sch. B1 para. 47 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

48    (1) A person required to submit a statement of affairs must do so before the end of the period of 11 days beginning with the day on which he receives notice of the requirement.

    (2) The administrator may—

       (a)   revoke a requirement under paragraph 47(1), or

       (b)   extend the period specified in sub-paragraph (1) (whether before or after expiry).

    (3) If the administrator refuses a request to act under sub-paragraph (2)—

       (a)   the person whose request is refused may apply to the court, and

       (b)   the court may take action of a kind specified in sub-paragraph (2).

    (4) A person commits an offence if he fails without reasonable excuse to comply with a requirement under paragraph 47(1).

---

**Annotations:**

**Modifications etc. (not altering text)**
  **C22**  Sch. B1 para. 48 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Administrator's proposals*

49    (1) The administrator of a company shall make a statement setting out proposals for achieving the purpose of administration.

    (2) A statement under sub-paragraph (1) must, in particular—

       (a)   deal with such matters as may be prescribed, and

       (b)   where applicable, explain why the administrator thinks that the objective mentioned in paragraph 3(1)(a) or (b) cannot be achieved.

    (3) Proposals under this paragraph may include—

---

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk editorial team to Insolvency Act 1986. Any changes that have already been made by the team appear in the content and are referenced with annotations. (See end of Document for details)

---

    (a)   a proposal for a voluntary arrangement under Part I of this Act (although this paragraph is without prejudice to section 4(3));

    (b)   a proposal for a compromise or arrangement to be sanctioned under **[F8**Part 26 of the Companies Act 2006 (arrangements and reconstructions)]** .

(4) The administrator shall send a copy of the statement of his proposals—

    (a)   to the registrar of companies,

    (b)   to every creditor of the company of whose claim and address he is aware, and

    (c)   to every member of the company of whose address he is aware.

(5) The administrator shall comply with sub-paragraph (4)—

    (a)   as soon as is reasonably practicable after the company enters administration, and

    (b)   in any event, before the end of the period of eight weeks beginning with the day on which the company enters administration.

(6) The administrator shall be taken to comply with sub-paragraph (4)(c) if he publishes in the prescribed manner a notice undertaking to provide a copy of the statement of proposals free of charge to any member of the company who applies in writing to a specified address.

(7) An administrator commits an offence if he fails without reasonable excuse to comply with sub-paragraph (5).

(8) A period specified in this paragraph may be varied in accordance with paragraph 107.

---

**Annotations:**

**Amendments (Textual)**

**F8**   Words in Sch. B1 para. 49(3)(b) substituted (6.4.2008) by The Companies Act 2006 (Consequential Amendments etc) Order 2008 (S.I. 2008/948), art. 3(1), **Sch. 1 para. 100(a)** (with arts. 6, 11, 12)

**Modifications etc. (not altering text)**

**C23**  Sch. B1 para. 49 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Creditors' meeting*

50    (1) In this Schedule "creditors' meeting" means a meeting of creditors of a company summoned by the administrator—

    (a)   in the prescribed manner, and

    (b)   giving the prescribed period of notice to every creditor of the company of whose claim and address he is aware.

(2) A period prescribed under sub-paragraph (1)(b) may be varied in accordance with paragraph 107.

(3) A creditors' meeting shall be conducted in accordance with the rules.

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

**Annotations:**

**Modifications etc. (not altering text)**
C24    Sch. B1 para. 50-58 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009)
       by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

*Requirement for initial creditors' meeting*

51    (1) Each copy of an administrator's statement of proposals sent to a creditor under
          paragraph 49(4)(b) must be accompanied by an invitation to a creditors' meeting (an
          "initial creditors' meeting").

      (2) The date set for an initial creditors' meeting must be—
          (a)   as soon as is reasonably practicable after the company enters administration,
                and
          (b)   in any event, within the period of ten weeks beginning with the date on which
                the company enters administration.

      (3) An administrator shall present a copy of his statement of proposals to an initial
          creditors' meeting.

      (4) A period specified in this paragraph may be varied in accordance with paragraph 107.

      (5) An administrator commits an offence if he fails without reasonable excuse to comply
          with a requirement of this paragraph.

---

**Annotations:**

**Modifications etc. (not altering text)**
C25    Sch. B1 para. 50-58 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009)
       by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

52    (1) Paragraph 51(1) shall not apply where the statement of proposals states that the
          administrator thinks—
          (a)   that the company has sufficient property to enable each creditor of the
                company to be paid in full,
          (b)   that the company has insufficient property to enable a distribution to be made
                to unsecured creditors other than by virtue of section 176A(2)(a), or
          (c)   that neither of the objectives specified in paragraph 3(1)(a) and (b) can be
                achieved.

      (2) But the administrator shall summon an initial creditors' meeting if it is requested—
          (a)   by creditors of the company whose debts amount to at least 10% of the total
                debts of the company,
          (b)   in the prescribed manner, and
          (c)   in the prescribed period.

      (3) A meeting requested under sub-paragraph (2) must be summoned for a date in the
          prescribed period.

      (4) The period prescribed under sub-paragraph (3) may be varied in accordance with
          paragraph 107.

---

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

> **Annotations:**
>
> ......................................................................................................................................
>
> **Modifications etc. (not altering text)**
> **C26**    Sch. B1 para. 50-58 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009)
>            by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

*Business and result of initial creditors' meeting*

53    (1) An initial creditors' meeting to which an administrator's proposals are presented
          shall consider them and may—
          (a)    approve them without modification, or
          (b)    approve them with modification to which the administrator consents.

      (2) After the conclusion of an initial creditors' meeting the administrator shall as soon
          as is reasonably practicable report any decision taken to—
          (a)    the court,
          (b)    the registrar of companies, and
          (c)    such other persons as may be prescribed.

      (3) An administrator commits an offence if he fails without reasonable excuse to comply
          with sub-paragraph (2).

> **Annotations:**
>
> ......................................................................................................................................
>
> **Modifications etc. (not altering text)**
> **C27**    Sch. B1 para. 50-58 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009)
>            by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

*Revision of administrator's proposals*

54    (1) This paragraph applies where—
          (a)    an administrator's proposals have been approved (with or without
                 modification) at an initial creditors' meeting,
          (b)    the administrator proposes a revision to the proposals, and
          (c)    the administrator thinks that the proposed revision is substantial.

      (2) The administrator shall—
          (a)    summon a creditors' meeting,
          (b)    send a statement in the prescribed form of the proposed revision with the
                 notice of the meeting sent to each creditor,
          (c)    send a copy of the statement, within the prescribed period, to each member
                 of the company of whose address he is aware, and
          (d)    present a copy of the statement to the meeting.

      (3) The administrator shall be taken to have complied with sub-paragraph (2)(c) if he
          publishes a notice undertaking to provide a copy of the statement free of charge to
          any member of the company who applies in writing to a specified address.

      (4) A notice under sub-paragraph (3) must be published—
          (a)    in the prescribed manner, and

*Insolvency Act 1986 (c. 45)*
*SCHEDULE B1 – ADMINISTRATION*
*Document Generated: 2016-11-25*

---

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
*editorial team to Insolvency Act 1986. Any changes that have already been made by the team*
*appear in the content and are referenced with annotations. (See end of Document for details)*

---

    (b)   within the prescribed period.

(5) A creditors' meeting to which a proposed revision is presented shall consider it and may—

    (a)   approve it without modification, or

    (b)   approve it with modification to which the administrator consents.

(6) After the conclusion of a creditors' meeting the administrator shall as soon as is reasonably practicable report any decision taken to—

    (a)   the court,

    (b)   the registrar of companies, and

    (c)   such other persons as may be prescribed.

(7) An administrator commits an offence if he fails without reasonable excuse to comply with sub-paragraph (6).

---

**Annotations:**

**Modifications etc. (not altering text)**

**C28**   Sch. B1 para. 50-58 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Failure to obtain approval of administrator's proposals*

55    (1) This paragraph applies where an administrator reports to the court that—

    (a)   an initial creditors' meeting has failed to approve the administrator's proposals presented to it, or

    (b)   a creditors' meeting has failed to approve a revision of the administrator's proposals presented to it.

(2) The court may—

    (a)   provide that the appointment of an administrator shall cease to have effect from a specified time;

    (b)   adjourn the hearing conditionally or unconditionally;

    (c)   make an interim order;

    (d)   make an order on a petition for winding up suspended by virtue of paragraph 40(1)(b);

    (e)   make any other order (including an order making consequential provision) that the court thinks appropriate.

---

**Annotations:**

**Modifications etc. (not altering text)**

**C29**   Sch. B1 para. 50-58 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Further creditors' meetings*

56    (1) The administrator of a company shall summon a creditors' meeting if—

---

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

    (a)   it is requested in the prescribed manner by creditors of the company whose debts amount to at least 10% of the total debts of the company, or

    (b)   he is directed by the court to summon a creditors' meeting.

(2) An administrator commits an offence if he fails without reasonable excuse to summon a creditors' meeting as required by this paragraph.

---

**Annotations:**

........................................................................................................................................

**Modifications etc. (not altering text)**
  **C30**  Sch. B1 para. 50-58 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Creditors' committee*

57    (1) A creditors' meeting may establish a creditors' committee.

      (2) A creditors' committee shall carry out functions conferred on it by or under this Act.

      (3) A creditors' committee may require the administrator—

         (a)   to attend on the committee at any reasonable time of which he is given at least seven days' notice, and

         (b)   to provide the committee with information about the exercise of his functions.

---

**Annotations:**

........................................................................................................................................

**Modifications etc. (not altering text)**
  **C31**  Sch. B1 para. 50-58 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Correspondence instead of creditors' meeting*

58    (1) Anything which is required or permitted by or under this Schedule to be done at a creditors' meeting may be done by correspondence between the administrator and creditors—

         (a)   in accordance with the rules, and

         (b)   subject to any prescribed condition.

      (2) A reference in this Schedule to anything done at a creditors' meeting includes a reference to anything done in the course of correspondence in reliance on sub-paragraph (1).

      (3) A requirement to hold a creditors' meeting is satisfied by conducting correspondence in accordance with this paragraph.

---

**Annotations:**

........................................................................................................................................

**Modifications etc. (not altering text)**
  **C32**  Sch. B1 para. 50-58 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*__Changes to legislation:__ There are outstanding changes not yet made by the legislation.gov.uk*
*editorial team to Insolvency Act 1986. Any changes that have already been made by the team*
*appear in the content and are referenced with annotations. (See end of Document for details)*

---

FUNCTIONS OF ADMINISTRATOR

*General powers*

59    (1) The administrator of a company may do anything necessary or expedient for the management of the affairs, business and property of the company.

(2) A provision of this Schedule which expressly permits the administrator to do a specified thing is without prejudice to the generality of sub-paragraph (1).

(3) A person who deals with the administrator of a company in good faith and for value need not inquire whether the administrator is acting within his powers.

| Annotations: |
| --- |
| **Modifications etc. (not altering text)**<br>**C33** Sch. B1 para. 59 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3 |

60          The administrator of a company has the powers specified in Schedule 1 to this Act.

| Annotations: |
| --- |
| **Modifications etc. (not altering text)**<br>**C34** Sch. B1 para. 60 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3 |

61          The administrator of a company—
(a) may remove a director of the company, and
(b) may appoint a director of the company (whether or not to fill a vacancy).

| Annotations: |
| --- |
| **Modifications etc. (not altering text)**<br>**C35** Sch. B1 para. 61 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3 |

62          The administrator of a company may call a meeting of members or creditors of the company.

| Annotations: |
| --- |
| **Modifications etc. (not altering text)**<br>**C36** Sch. B1 para. 62 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3 |

63          The administrator of a company may apply to the court for directions in connection with his functions.

---

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

| Annotations: |
| --- |
| **Modifications etc. (not altering text)** |
| **C37**   Sch. B1 para. 63 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3 |

64      (1) A company in administration or an officer of a company in administration may not exercise a management power without the consent of the administrator.

(2) For the purpose of sub-paragraph (1)—

(a)   "management power" means a power which could be exercised so as to interfere with the exercise of the administrator's powers,

(b)   it is immaterial whether the power is conferred by an enactment or an instrument, and

(c)   consent may be general or specific.

| Annotations: |
| --- |
| **Modifications etc. (not altering text)** |
| **C38**   Sch. B1 para. 64 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3 |

*Distribution*

65      (1) The administrator of a company may make a distribution to a creditor of the company.

(2) Section 175 shall apply in relation to a distribution under this paragraph as it applies in relation to a winding up.

(3) A payment may not be made by way of distribution under this paragraph to a creditor of the company who is neither secured nor preferential unless the court gives permission.

| Annotations: |
| --- |
| **Modifications etc. (not altering text)** |
| **C39**   Sch. B1 para. 65 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3 |
| **C40**   Sch. B1 para. 65(1) restricted (6.3.2008) by The Regulated Covered Bonds Regulations 2008 (S.I. 2008/346), reg. 46, **Sch. para. 2(5)** |
| **C41**   Sch. B1 para. 65(2) applied by The Financial Market and Insolvency (Settlement Finality) Regulations 1999 (S.I. 1999/2979), reg. 14(5)(a)(i) (as substituted (1.10.2009) by The Financial Markets and Insolvency (Settlement Finality) (Amendment) Regulations 2009 (S.I. 2009/1972), **reg. 4(d)(ii)**) |

66      The administrator of a company may make a payment otherwise than in accordance with paragraph 65 or paragraph 13 of Schedule 1 if he thinks it likely to assist achievement of the purpose of administration.

---

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

**Annotations:**

**Modifications etc. (not altering text)**
C42    Sch. B1 para. 66 restricted (6.3.2008) by The Regulated Covered Bonds Regulations 2008 (S.I. 2008/346), reg. 46, **Sch. para. 2(5)**
C43    Sch. B1 para. 66 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

*General duties*

67    The administrator of a company shall on his appointment take custody or control of all the property to which he thinks the company is entitled.

**Annotations:**

**Modifications etc. (not altering text)**
C44    Sch. B1 para. 67 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

68    (1) Subject to sub-paragraph (2), the administrator of a company shall manage its affairs, business and property in accordance with—

    (a)    any proposals approved under paragraph 53,

    (b)    any revision of those proposals which is made by him and which he does not consider substantial, and

    (c)    any revision of those proposals approved under paragraph 54.

(2) If the court gives directions to the administrator of a company in connection with any aspect of his management of the company's affairs, business or property, the administrator shall comply with the directions.

(3) The court may give directions under sub-paragraph (2) only if—

    (a)    no proposals have been approved under paragraph 53,

    (b)    the directions are consistent with any proposals or revision approved under paragraph 53 or 54,

    (c)    the court thinks the directions are required in order to reflect a change in circumstances since the approval of proposals or a revision under paragraph 53 or 54, or

    (d)    the court thinks the directions are desirable because of a misunderstanding about proposals or a revision approved under paragraph 53 or 54.

**Annotations:**

**Modifications etc. (not altering text)**
C45    Sch. B1 para. 68 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

*Administrator as agent of company*

69    In exercising his functions under this Schedule the administrator of a company acts as its agent.

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

**Annotations:**

**Modifications etc. (not altering text)**

C46    Sch. B1 para. 69 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by
Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

### Charged property: floating charge

70    (1) The administrator of a company may dispose of or take action relating to property
which is subject to a floating charge as if it were not subject to the charge.

(2) Where property is disposed of in reliance on sub-paragraph (1) the holder of the
floating charge shall have the same priority in respect of acquired property as he had
in respect of the property disposed of.

(3) In sub-paragraph (2) "acquired property" means property of the company which
directly or indirectly represents the property disposed of.

---

**Annotations:**

**Modifications etc. (not altering text)**

C47    Sch. B1 para. 70 excluded (26.12.2003) by The Financial Collateral Arrangements (No.2) Regulations
2003 (S.I. 2003/3226), **reg. 8(1)(b)**

C48    Sch. B1 para. 70 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by
Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

### Charged property: non-floating charge

71    (1) The court may by order enable the administrator of a company to dispose of property
which is subject to a security (other than a floating charge) as if it were not subject
to the security.

(2) An order under sub-paragraph (1) may be made only—

(a)    on the application of the administrator, and

(b)    where the court thinks that disposal of the property would be likely to
promote the purpose of administration in respect of the company.

(3) An order under this paragraph is subject to the condition that there be applied towards
discharging the sums secured by the security—

(a)    the net proceeds of disposal of the property, and

(b)    any additional money required to be added to the net proceeds so as to
produce the amount determined by the court as the net amount which would
be realised on a sale of the property at market value.

(4) If an order under this paragraph relates to more than one security, application of
money under sub-paragraph (3) shall be in the order of the priorities of the securities.

(5) An administrator who makes a successful application for an order under this
paragraph shall send a copy of the order to the registrar of companies before the end
of the period of 14 days starting with the date of the order.

*Insolvency Act 1986 (c. 45)*
*SCHEDULE B1 – ADMINISTRATION*
*Document Generated: 2016-11-25*

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

(6) An administrator commits an offence if he fails to comply with sub-paragraph (5)
without reasonable excuse.

---

**Annotations:**

**Modifications etc. (not altering text)**

C49    Sch. B1 para. 71 excluded (26.12.2003) by The Financial Collateral Arrangements (No.2) Regulations
2003 (S.I. 2003/3226), **reg. 8(1)(b)**

C50    Sch. B1 para. 71 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by
Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Hire-purchase property*

72    (1) The court may by order enable the administrator of a company to dispose of goods
which are in the possession of the company under a hire-purchase agreement as if all
the rights of the owner under the agreement were vested in the company.

(2) An order under sub-paragraph (1) may be made only—
    (a)    on the application of the administrator, and
    (b)    where the court thinks that disposal of the goods would be likely to promote
the purpose of administration in respect of the company.

(3) An order under this paragraph is subject to the condition that there be applied towards
discharging the sums payable under the hire-purchase agreement—
    (a)    the net proceeds of disposal of the goods, and
    (b)    any additional money required to be added to the net proceeds so as to
produce the amount determined by the court as the net amount which would
be realised on a sale of the goods at market value.

(4) An administrator who makes a successful application for an order under this
paragraph shall send a copy of the order to the registrar of companies before the end
of the period of 14 days starting with the date of the order.

(5) An administrator commits an offence if he fails without reasonable excuse to comply
with sub-paragraph (4).

---

**Annotations:**

**Modifications etc. (not altering text)**

C51    Sch. B1 para. 72 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by
Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Protection for secured or preferential creditor*

73    (1) An administrator's statement of proposals under paragraph 49 may not include any
action which—
    (a)    affects the right of a secured creditor of the company to enforce his security,
    (b)    would result in a preferential debt of the company being paid otherwise than
in priority to its non-preferential debts, or
    (c)    would result in one preferential creditor of the company being paid a smaller
proportion of his debt than another.

---

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

(2) Sub-paragraph (1) does not apply to—

    (a)   action to which the relevant creditor consents,

    (b)   a proposal for a voluntary arrangement under Part I of this Act (although this sub-paragraph is without prejudice to section 4(3)), **F9**. . .

    (c)   a proposal for a compromise or arrangement to be sanctioned under [**F10**Part 26 of the Companies Act 2006 (arrangements and reconstructions)]|[**F11** or

    (d)   a proposal for a cross-border merger within the meaning of regulation 2 of the Companies (Cross-Border Mergers) Regulations 2007.]

(3) The reference to a statement of proposals in sub-paragraph (1) includes a reference to a statement as revised or modified.

---

**Annotations:**

**Amendments (Textual)**

**F9**   Word in Sch. B1 para. 73(2)(b) repealed (15.12.2007) by The Companies (Cross-Border Mergers) Regulations 2007 (S.I. 2007/2974), **reg. 65(2)**

**F10**  Words in Sch. B1 para. 73(2)(c) substituted (6.4.2008) by The Companies Act 2006 (Consequential Amendments etc) Order 2008 (S.I. 2008/948), art. 3(1), **Sch. 1 para. 100(a)** (with arts. 6, 11, 12)

**F11**  Sch. B1 para. 73(2)(d) and preceding word inserted (15.12.2007) by The Companies (Cross-Border Mergers) Regulations 2007 (S.I. 2007/2974), **reg. 65(3)**

**Modifications etc. (not altering text)**

**C52**  Sch. B1 para. 73 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Challenge to administrator's conduct of company*

74    (1) A creditor or member of a company in administration may apply to the court claiming that—

    (a)   the administrator is acting or has acted so as unfairly to harm the interests of the applicant (whether alone or in common with some or all other members or creditors), or

    (b)   the administrator proposes to act in a way which would unfairly harm the interests of the applicant (whether alone or in common with some or all other members or creditors).

(2) A creditor or member of a company in administration may apply to the court claiming that the administrator is not performing his functions as quickly or as efficiently as is reasonably practicable.

(3) The court may—

    (a)   grant relief;

    (b)   dismiss the application;

    (c)   adjourn the hearing conditionally or unconditionally;

    (d)   make an interim order;

    (e)   make any other order it thinks appropriate.

(4) In particular, an order under this paragraph may—

    (a)   regulate the administrator's exercise of his functions;

---

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

- (b)   require the administrator to do or not do a specified thing;
- (c)   require a creditors' meeting to be held for a specified purpose;
- (d)   provide for the appointment of an administrator to cease to have effect;
- (e)   make consequential provision.

(5) An order may be made on a claim under sub-paragraph (1) whether or not the action complained of—

- (a)   is within the administrator's powers under this Schedule;
- (b)   was taken in reliance on an order under paragraph 71 or 72.

(6) An order may not be made under this paragraph if it would impede or prevent the implementation of—

- (a)   a voluntary arrangement approved under Part I,
- (b)   a compromise or arrangement sanctioned under [**F12**Part 26 of the Companies Act 2006 (arrangements and reconstructions)] , **F13**. . .
- [**F14**(ba)   a cross-border merger within the meaning of regulation 2 of the Companies (Cross-Border Mergers) Regulations 2007, or**]**
- (c)   proposals or a revision approved under paragraph 53 or 54 more than 28 days before the day on which the application for the order under this paragraph is made.

---

**Annotations:**

**Amendments (Textual)**

**F12**  Words in Sch. B1 para. 74(6)(b) substituted (6.4.2008) by The Companies Act 2006 (Consequential Amendments etc) Order 2008 (S.I. 2008/948), art. 3(1), **Sch. 1 para. 100(b)** (with arts. 6, 11, 12)

**F13**  Word in Sch. B1 para. 74(6)(b) repealed (15.12.2007) by The Companies (Cross-Border Mergers) Regulations 2007 (S.I. 2007/2974), **reg. 65(4)**

**F14**  Sch. B1 para. 74(6)(ba) inserted (15.12.2007) by The Companies (Cross-Border Mergers) Regulations 2007 (S.I. 2007/2974), **reg. 65(5)**

**Modifications etc. (not altering text)**

**C53**  Sch. B1 para. 74 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Misfeasance*

75   (1) The court may examine the conduct of a person who—

- (a)   is or purports to be the administrator of a company, or
- (b)   has been or has purported to be the administrator of a company.

(2) An examination under this paragraph may be held only on the application of—

- (a)   the official receiver,
- (b)   the administrator of the company,
- (c)   the liquidator of the company,
- (d)   a creditor of the company, or
- (e)   a contributory of the company.

(3) An application under sub-paragraph (2) must allege that the administrator—

- (a)   has misapplied or retained money or other property of the company,

---

*Changes to legislation: There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)*

---

    (b)   has become accountable for money or other property of the company,

    (c)   has breached a fiduciary or other duty in relation to the company, or

    (d)   has been guilty of misfeasance.

(4) On an examination under this paragraph into a person's conduct the court may order him—

    (a)   to repay, restore or account for money or property;

    (b)   to pay interest;

    (c)   to contribute a sum to the company's property by way of compensation for breach of duty or misfeasance.

(5) In sub-paragraph (3) "administrator" includes a person who purports or has purported to be a company's administrator.

(6) An application under sub-paragraph (2) may be made in respect of an administrator who has been discharged under paragraph 98 only with the permission of the court.

---

**Annotations:**

................................................................................................................

**Modifications etc. (not altering text)**

**C54**   Sch. B1 para. 75 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by
Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

## ENDING ADMINISTRATION

*Automatic end of administration*

76    (1) The appointment of an administrator shall cease to have effect at the end of the period of one year beginning with the date on which it takes effect.

    (2) But—

        (a)   on the application of an administrator the court may by order extend his term of office for a specified period, and

        (b)   an administrator's term of office may be extended for a specified period not exceeding six months by consent.

77    (1) An order of the court under paragraph 76—

        (a)   may be made in respect of an administrator whose term of office has already been extended by order or by consent, but

        (b)   may not be made after the expiry of the administrator's term of office.

    (2) Where an order is made under paragraph 76 the administrator shall as soon as is reasonably practicable notify the registrar of companies.

    (3) An administrator who fails without reasonable excuse to comply with sub-paragraph (2) commits an offence.

78    (1) In paragraph 76(2)(b) "consent" means consent of—

        (a)   each secured creditor of the company, and

        (b)   if the company has unsecured debts, creditors whose debts amount to more than 50% of the company's unsecured debts, disregarding debts of any creditor who does not respond to an invitation to give or withhold consent.

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

(2) But where the administrator has made a statement under paragraph 52(1)(b) "consent" means—

    (a)   consent of each secured creditor of the company, or

    (b)   if the administrator thinks that a distribution may be made to preferential creditors, consent of—

        (i) each secured creditor of the company, and

        (ii) preferential creditors whose debts amount to more than 50% of the preferential debts of the company, disregarding debts of any creditor who does not respond to an invitation to give or withhold consent.

(3) Consent for the purposes of paragraph 76(2)(b) may be—

    (a)   written, or

    (b)   signified at a creditors' meeting.

(4) An administrator's term of office—

    (a)   may be extended by consent only once,

    (b)   may not be extended by consent after extension by order of the court, and

    (c)   may not be extended by consent after expiry.

(5) Where an administrator's term of office is extended by consent he shall as soon as is reasonably practicable—

    (a)   file notice of the extension with the court, and

    (b)   notify the registrar of companies.

(6) An administrator who fails without reasonable excuse to comply with sub-paragraph (5) commits an offence.

*Court ending administration on application of administrator*

79    (1) On the application of the administrator of a company the court may provide for the appointment of an administrator of the company to cease to have effect from a specified time.

(2) The administrator of a company shall make an application under this paragraph if—

    (a)   he thinks the purpose of administration cannot be achieved in relation to the company,

    (b)   he thinks the company should not have entered administration, or

    (c)   a creditors' meeting requires him to make an application under this paragraph.

(3) The administrator of a company shall make an application under this paragraph if—

    (a)   the administration is pursuant to an administration order, and

    (b)   the administrator thinks that the purpose of administration has been sufficiently achieved in relation to the company.

(4) On an application under this paragraph the court may—

    (a)   adjourn the hearing conditionally or unconditionally;

    (b)   dismiss the application;

    (c)   make an interim order;

    (d)   make any order it thinks appropriate (whether in addition to, in consequence of or instead of the order applied for).

---

***Changes to legislation:*** *There are outstanding changes not yet made by the legislation.gov.uk*
*editorial team to Insolvency Act 1986. Any changes that have already been made by the team*
*appear in the content and are referenced with annotations. (See end of Document for details)*

---

*Termination of administration where objective achieved*

80    (1) This paragraph applies where an administrator of a company is appointed under paragraph 14 or 22.

(2) If the administrator thinks that the purpose of administration has been sufficiently achieved in relation to the company he may file a notice in the prescribed form—

    (a)    with the court, and

    (b)    with the registrar of companies.

(3) The administrator's appointment shall cease to have effect when the requirements of sub-paragraph (2) are satisfied.

(4) Where the administrator files a notice he shall within the prescribed period send a copy to every creditor of the company of whose claim and address he is aware.

(5) The rules may provide that the administrator is taken to have complied with sub-paragraph (4) if before the end of the prescribed period he publishes in the prescribed manner a notice undertaking to provide a copy of the notice under sub-paragraph (2) to any creditor of the company who applies in writing to a specified address.

(6) An administrator who fails without reasonable excuse to comply with sub-paragraph (4) commits an offence.

---

**Annotations:**

**Modifications etc. (not altering text)**

  **C55**    Sch. B1 para. 80 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Court ending administration on application of creditor*

81    (1) On the application of a creditor of a company the court may provide for the appointment of an administrator of the company to cease to have effect at a specified time.

(2) An application under this paragraph must allege an improper motive—

    (a)    in the case of an administrator appointed by administration order, on the part of the applicant for the order, or

    (b)    in any other case, on the part of the person who appointed the administrator.

(3) On an application under this paragraph the court may—

    (a)    adjourn the hearing conditionally or unconditionally;

    (b)    dismiss the application;

    (c)    make an interim order;

    (d)    make any order it thinks appropriate (whether in addition to, in consequence of or instead of the order applied for).

---

*Public interest winding-up*

82    (1) This paragraph applies where a winding-up order is made for the winding up of a company in administration on a petition presented under—

    (a)    section 124A (public interest), or

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

[**F15**(aa)    section 124B (SEs),**]**

(b)    section 367 of the Financial Services and Markets Act 2000 (c. 8) (petition by Financial Services Authority).

(2) This paragraph also applies where a provisional liquidator of a company in administration is appointed following the presentation of a petition under any of the provisions listed in sub-paragraph (1).

(3) The court shall order—

(a)    that the appointment of the administrator shall cease to have effect, or

(b)    that the appointment of the administrator shall continue to have effect.

(4) If the court makes an order under sub-paragraph (3)(b) it may also—

(a)    specify which of the powers under this Schedule are to be exercisable by the administrator, and

(b)    order that this Schedule shall have effect in relation to the administrator with specified modifications.

---

**Annotations:**

**Amendments (Textual)**

**F15**    Sch. B1 para. 82(1)(aa) inserted (8.10.2004) by The European Public Limited-Liability Company Regulations 2004 (S.I. 2004/2326), **reg. 73(4)(c)**

---

*Moving from administration to creditors' voluntary liquidation*

83    (1) This paragraph applies in England and Wales where the administrator of a company thinks—

(a)    that the total amount which each secured creditor of the company is likely to receive has been paid to him or set aside for him, and

(b)    that a distribution will be made to unsecured creditors of the company (if there are any).

(2) This paragraph applies in Scotland where the administrator of a company thinks—

(a)    that each secured creditor of the company will receive payment in respect of his debt, and

(b)    that a distribution will be made to unsecured creditors (if there are any).

(3) The administrator may send to the registrar of companies a notice that this paragraph applies.

(4) On receipt of a notice under sub-paragraph (3) the registrar shall register it.

(5) If an administrator sends a notice under sub-paragraph (3) he shall as soon as is reasonably practicable—

(a)    file a copy of the notice with the court, and

(b)    send a copy of the notice to each creditor of whose claim and address he is aware.

(6) On the registration of a notice under sub-paragraph (3)—

(a)    the appointment of an administrator in respect of the company shall cease to have effect, and

**Changes to legislation:** *There are outstanding changes not yet made by the legislation.gov.uk*
*editorial team to Insolvency Act 1986. Any changes that have already been made by the team*
*appear in the content and are referenced with annotations. (See end of Document for details)*

(b)    the company shall be wound up as if a resolution for voluntary winding up under section 84 were passed on the day on which the notice is registered.

(7) The liquidator for the purposes of the winding up shall be—

(a)    a person nominated by the creditors of the company in the prescribed manner and within the prescribed period, or

(b)    if no person is nominated under paragraph (a), the administrator.

(8) In the application of Part IV to a winding up by virtue of this paragraph—

(a)    section 85 shall not apply,

(b)    section 86 shall apply as if the reference to the time of the passing of the resolution for voluntary winding up were a reference to the beginning of the date of registration of the notice under sub-paragraph (3),

(c)    section 89 does not apply,

(d)    sections 98, 99 and 100 shall not apply,

(e)    section 129 shall apply as if the reference to the time of the passing of the resolution for voluntary winding up were a reference to the beginning of the date of registration of the notice under sub-paragraph (3), and

(f)    any creditors' committee which is in existence immediately before the company ceases to be in administration shall continue in existence after that time as if appointed as a liquidation committee under section 101.

*Moving from administration to dissolution*

84    (1) If the administrator of a company thinks that the company has no property which might permit a distribution to its creditors, he shall send a notice to that effect to the registrar of companies.

(2) The court may on the application of the administrator of a company disapply sub-paragraph (1) in respect of the company.

(3) On receipt of a notice under sub-paragraph (1) the registrar shall register it.

(4) On the registration of a notice in respect of a company under sub-paragraph (1) the appointment of an administrator of the company shall cease to have effect.

(5) If an administrator sends a notice under sub-paragraph (1) he shall as soon as is reasonably practicable—

(a)    file a copy of the notice with the court, and

(b)    send a copy of the notice to each creditor of whose claim and address he is aware.

(6) At the end of the period of three months beginning with the date of registration of a notice in respect of a company under sub-paragraph (1) the company is deemed to be dissolved.

(7) On an application in respect of a company by the administrator or another interested person the court may—

(a)    extend the period specified in sub-paragraph (6),

(b)    suspend that period, or

(c)    disapply sub-paragraph (6).

*Insolvency Act 1986 (c. 45)*
*SCHEDULE B1 – ADMINISTRATION*
*Document Generated: 2016-11-25*

***Changes to legislation:*** *There are outstanding changes not yet made by the legislation.gov.uk editorial team to Insolvency Act 1986. Any changes that have already been made by the team appear in the content and are referenced with annotations. (See end of Document for details)*

(8) Where an order is made under sub-paragraph (7) in respect of a company the administrator shall as soon as is reasonably practicable notify the registrar of companies.

(9) An administrator commits an offence if he fails without reasonable excuse to comply with sub-paragraph (5).

---

**Annotations:**

**Modifications etc. (not altering text)**
C56    Sch. B1 para. 84 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Discharge of administration order where administration ends*

85    (1) This paragraph applies where—

    (a)    the court makes an order under this Schedule providing for the appointment of an administrator of a company to cease to have effect, and

    (b)    the administrator was appointed by administration order.

(2) The court shall discharge the administration order.

---

**Annotations:**

**Modifications etc. (not altering text)**
C57    Sch. B1 para. 85 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Notice to Companies Registrar where administration ends*

86    (1) This paragraph applies where the court makes an order under this Schedule providing for the appointment of an administrator to cease to have effect.

(2) The administrator shall send a copy of the order to the registrar of companies within the period of 14 days beginning with the date of the order.

(3) An administrator who fails without reasonable excuse to comply with sub-paragraph (2) commits an offence.

---

**Annotations:**

**Modifications etc. (not altering text)**
C58    Sch. B1 para. 86 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

## REPLACING ADMINISTRATOR

*Resignation of administrator*

87    (1) An administrator may resign only in prescribed circumstances.

*Insolvency Act 1986 (c. 45)*
*SCHEDULE B1 – ADMINISTRATION*
*Document Generated: 2016-11-25*

37

---

*Changes to legislation: There are outstanding changes not yet made by the legislation.gov.uk*
*editorial team to Insolvency Act 1986. Any changes that have already been made by the team*
*appear in the content and are referenced with annotations. (See end of Document for details)*

---

(2) Where an administrator may resign he may do so only—

    (a) in the case of an administrator appointed by administration order, by notice in writing to the court,

    (b) in the case of an administrator appointed under paragraph 14, by notice in writing to the [**F16**holder of the floating charge by virtue of which the appointment was made],

    (c) in the case of an administrator appointed under paragraph 22(1), by notice in writing to the company, or

    (d) in the case of an administrator appointed under paragraph 22(2), by notice in writing to the directors of the company.

---

**Annotations:**

**Amendments (Textual)**
  **F16**  Words in Sch. B1 para. 87(2)(b) substituted (15.9.2003) by The Enterprise Act 2002 (Insolvency) Order 2003 (S.I. 2003/2096), **art. 2(4)**

**Modifications etc. (not altering text)**
  **C59**  Sch. B1 para. 87 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

### Removal of administrator from office

88      The court may by order remove an administrator from office.

---

**Annotations:**

**Modifications etc. (not altering text)**
  **C60**  Sch. B1 para. 88 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

### Administrator ceasing to be qualified

89     (1) The administrator of a company shall vacate office if he ceases to be qualified to act as an insolvency practitioner in relation to the company.

     (2) Where an administrator vacates office by virtue of sub-paragraph (1) he shall give notice in writing—

    (a) in the case of an administrator appointed by administration order, to the court,

    (b) in the case of an administrator appointed under paragraph 14, to the [**F17**holder of the floating charge by virtue of which the appointment was made],

    (c) in the case of an administrator appointed under paragraph 22(1), to the company, or

    (d) in the case of an administrator appointed under paragraph 22(2), to the directors of the company.

*Insolvency Act 1986 (c. 45)*
*SCHEDULE B1 – ADMINISTRATION*
*Document Generated: 2016-11-25*

***Changes to legislation:*** *There are outstanding changes not yet made by the legislation.gov.uk*
*editorial team to Insolvency Act 1986. Any changes that have already been made by the team*
*appear in the content and are referenced with annotations. (See end of Document for details)*

(3) An administrator who fails without reasonable excuse to comply with sub-paragraph (2) commits an offence.

---

**Annotations:**

**Amendments (Textual)**
**F17**    Words in Sch. B1 para. 89(2)(b) substituted (15.9.2003) by The Enterprise Act 2002 (Insolvency) Order 2003 (S.I. 2003/2096), **art. 2(5)**

**Modifications etc. (not altering text)**
**C61**    Sch. B1 para. 89 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Supplying vacancy in office of administrator*

90       Paragraphs 91 to 95 apply where an administrator—

    (a)    dies,

    (b)    resigns,

    (c)    is removed from office under paragraph 88, or

    (d)    vacates office under paragraph 89.

---

**Annotations:**

**Modifications etc. (not altering text)**
**C62**    Sch. B1 para. 90 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

91       (1) Where the administrator was appointed by administration order, the court may replace the administrator on an application under this sub-paragraph made by—

    (a)    a creditors' committee of the company,

    (b)    the company,

    (c)    the directors of the company,

    (d)    one or more creditors of the company, or

    (e)    where more than one person was appointed to act jointly or concurrently as the administrator, any of those persons who remains in office.

(2) But an application may be made in reliance on sub-paragraph (1)(b) to (d) only where—

    (a)    there is no creditors' committee of the company,

    (b)    the court is satisfied that the creditors' committee or a remaining administrator is not taking reasonable steps to make a replacement, or

    (c)    the court is satisfied that for another reason it is right for the application to be made.

---

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

| |
|---|
| **Annotations:** |
| **Modifications etc. (not altering text)** |
| **C63**    Sch. B1 para. 91 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3 |

92      Where the administrator was appointed under paragraph 14 the holder of the floating charge by virtue of which the appointment was made may replace the administrator.

93      (1) Where the administrator was appointed under paragraph 22(1) by the company it may replace the administrator.

(2) A replacement under this paragraph may be made only—

> (a)    with the consent of each person who is the holder of a qualifying floating charge in respect of the company's property, or
> (b)    where consent is withheld, with the permission of the court.

94      (1) Where the administrator was appointed under paragraph 22(2) the directors of the company may replace the administrator.

(2) A replacement under this paragraph may be made only—

> (a)    with the consent of each person who is the holder of a qualifying floating charge in respect of the company's property, or
> (b)    where consent is withheld, with the permission of the court.

95      The court may replace an administrator on the application of a person listed in paragraph 91(1) if the court—

> (a)    is satisfied that a person who is entitled to replace the administrator under any of paragraphs 92 to 94 is not taking reasonable steps to make a replacement, or
> (b)    that for another reason it is right for the court to make the replacement.

*Substitution of administrator: competing floating charge-holder*

96      (1) This paragraph applies where an administrator of a company is appointed under paragraph 14 by the holder of a qualifying floating charge in respect of the company's property.

(2) The holder of a prior qualifying floating charge in respect of the company's property may apply to the court for the administrator to be replaced by an administrator nominated by the holder of the prior floating charge.

(3) One floating charge is prior to another for the purposes of this paragraph if—

> (a)    it was created first, or
> (b)    it is to be treated as having priority in accordance with an agreement to which the holder of each floating charge was party.

(4) Sub-paragraph (3) shall have effect in relation to Scotland as if the following were substituted for paragraph (a)—

> ("    it has priority of ranking in accordance with section 464(4)(b) of the Companies Act 1985 (c. 6), ".

*Insolvency Act 1986 (c. 45)*
*SCHEDULE B1 – ADMINISTRATION*
*Document Generated: 2016-11-25*

***Changes to legislation:*** *There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)*

---

**Annotations:**

**Modifications etc. (not altering text)**

**C64**  Sch. B1 para. 96 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by
Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Substitution of administrator appointed by company or directors: creditors' meeting*

97    (1) This paragraph applies where—

    (a)    an administrator of a company is appointed by a company or directors under
paragraph 22, and

    (b)    there is no holder of a qualifying floating charge in respect of the company's
property.

(2) A creditors' meeting may replace the administrator.

(3) A creditors' meeting may act under sub-paragraph (2) only if the new administrator's
written consent to act is presented to the meeting before the replacement is made.

*Vacation of office: discharge from liability*

98    (1) Where a person ceases to be the administrator of a company (whether because he
vacates office by reason of resignation, death or otherwise, because he is removed
from office or because his appointment ceases to have effect) he is discharged from
liability in respect of any action of his as administrator.

(2) The discharge provided by sub-paragraph (1) takes effect—

    (a)    in the case of an administrator who dies, on the filing with the court of notice
of his death,

    (b)    in the case of an administrator appointed under paragraph 14 or 22, at a
time appointed by resolution of the creditors' committee or, if there is no
committee, by resolution of the creditors, or

    (c)    in any case, at a time specified by the court.

(3) For the purpose of the application of sub-paragraph (2)(b) in a case where the
administrator has made a statement under paragraph 52(1)(b), a resolution shall be
taken as passed if (and only if) passed with the approval of—

    (a)    each secured creditor of the company, or

    (b)    if the administrator has made a distribution to preferential creditors or thinks
that a distribution may be made to preferential creditors—

        (i)    each secured creditor of the company, and

        (ii)    preferential creditors whose debts amount to more than 50% of the
preferential debts of the company, disregarding debts of any creditor
who does not respond to an invitation to give or withhold approval.

(4) Discharge—

    (a)    applies to liability accrued before the discharge takes effect, and

    (b)    does not prevent the exercise of the court's powers under paragraph 75.

*Insolvency Act 1986 (c. 45)*
*SCHEDULE B1 – ADMINISTRATION*
*Document Generated: 2016-11-25*

---

*Changes to legislation: There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)*

---

**Annotations:**

..................................................................................................................................

**Modifications etc. (not altering text)**

C65    Sch. B1 para. 98 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by
Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

*Vacation of office: charges and liabilities*

99    (1) This paragraph applies where a person ceases to be the administrator of a company
(whether because he vacates office by reason of resignation, death or otherwise,
because he is removed from office or because his appointment ceases to have effect).

(2) In this paragraph—

"the former administrator" means the person referred to in sub-
paragraph (1), and

"cessation" means the time when he ceases to be the company's
administrator.

(3) The former administrator's remuneration and expenses shall be—

(a)    charged on and payable out of property of which he had custody or control
immediately before cessation, and

(b)    payable in priority to any security to which paragraph 70 applies.

(4) A sum payable in respect of a debt or liability arising out of a contract entered into
by the former administrator or a predecessor before cessation shall be—

(a)    charged on and payable out of property of which the former administrator
had custody or control immediately before cessation, and

(b)    payable in priority to any charge arising under sub-paragraph (3).

(5) Sub-paragraph (4) shall apply to a liability arising under a contract of employment
which was adopted by the former administrator or a predecessor before cessation;
and for that purpose—

(a)    action taken within the period of 14 days after an administrator's
appointment shall not be taken to amount or contribute to the adoption of
a contract,

(b)    no account shall be taken of a liability which arises, or in so far as it arises,
by reference to anything which is done or which occurs before the adoption
of the contract of employment, and

(c)    no account shall be taken of a liability to make a payment other than wages
or salary.

(6) In sub-paragraph (5)(c) "wages or salary" includes—

(a)    a sum payable in respect of a period of holiday (for which purpose the sum
shall be treated as relating to the period by reference to which the entitlement
to holiday accrued),

(b)    a sum payable in respect of a period of absence through illness or other good
cause,

(c)    a sum payable in lieu of holiday,

(d)    in respect of a period, a sum which would be treated as earnings for that
period for the purposes of an enactment about social security, and

(e)    a contribution to an occupational pension scheme.

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

**Annotations:**

**Modifications etc. (not altering text)**

C66    Sch. B1 para. 99 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by
Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with **s. 247**); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

C67    Sch. B1 para. 99(3) applied by The Financial Market and Insolvency (Settlement Finality) Regulations
1999 (S.I. 1999/2979), reg. 14(5)(a)(iii) (as substituted (1.10.2009) by The Financial Markets and
Insolvency (Settlement Finality) (Amendment) Regulations 2009 (S.I. 2009/1972), **reg. 4(d)(iii)**)

---

GENERAL

*Joint and concurrent administrators*

100    (1) In this Schedule—

    (a)   a reference to the appointment of an administrator of a company includes
a reference to the appointment of a number of persons to act jointly or
concurrently as the administrator of a company, and

    (b)   a reference to the appointment of a person as administrator of a company
includes a reference to the appointment of a person as one of a number of
persons to act jointly or concurrently as the administrator of a company.

(2) The appointment of a number of persons to act as administrator of a company must
specify—

    (a)   which functions (if any) are to be exercised by the persons appointed acting
jointly, and

    (b)   which functions (if any) are to be exercised by any or all of the persons
appointed.

---

**Annotations:**

**Modifications etc. (not altering text)**

C68    Sch. B1 paras. 100-103 applied (with modifications) (17.2.2009 for certain purposes, otherwise
21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with **s. 247**); S.I. 2009/296, **arts. 2**, 3, Sch.
para. 3

---

101    (1) This paragraph applies where two or more persons are appointed to act jointly as the
administrator of a company.

(2) A reference to the administrator of the company is a reference to those persons acting
jointly.

(3) But a reference to the administrator of a company in paragraphs 87 to 99 of this
Schedule is a reference to any or all of the persons appointed to act jointly.

(4) Where an offence of omission is committed by the administrator, each of the persons
appointed to act jointly—

    (a)   commits the offence, and

    (b)   may be proceeded against and punished individually.

(5) The reference in paragraph 45(1)(a) to the name of the administrator is a reference
to the name of each of the persons appointed to act jointly.

---

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

(6) Where persons are appointed to act jointly in respect of only some of the functions of the administrator of a company, this paragraph applies only in relation to those functions.

---

**Annotations:**

**Modifications etc. (not altering text)**
C69   Sch. B1 paras. 100-103 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

102   (1) This paragraph applies where two or more persons are appointed to act concurrently as the administrator of a company.

(2) A reference to the administrator of a company in this Schedule is a reference to any of the persons appointed (or any combination of them).

---

**Annotations:**

**Modifications etc. (not altering text)**
C70   Sch. B1 paras. 100-103 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

103   (1) Where a company is in administration, a person may be appointed to act as administrator jointly or concurrently with the person or persons acting as the administrator of the company.

(2) Where a company entered administration by administration order, an appointment under sub-paragraph (1) must be made by the court on the application of—
   (a)   a person or group listed in paragraph 12(1)(a) to (e), or
   (b)   the person or persons acting as the administrator of the company.

(3) Where a company entered administration by virtue of an appointment under paragraph 14, an appointment under sub-paragraph (1) must be made by—
   (a)   the holder of the floating charge by virtue of which the appointment was made, or
   (b)   the court on the application of the person or persons acting as the administrator of the company.

(4) Where a company entered administration by virtue of an appointment under paragraph 22(1), an appointment under sub-paragraph (1) above must be made either by the court on the application of the person or persons acting as the administrator of the company or—
   (a)   by the company, and
   (b)   with the consent of each person who is the holder of a qualifying floating charge in respect of the company's property or, where consent is withheld, with the permission of the court.

(5) Where a company entered administration by virtue of an appointment under paragraph 22(2), an appointment under sub-paragraph (1) must be made either by

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

the court on the application of the person or persons acting as the administrator of the company or—

    (a)   by the directors of the company, and

    (b)   with the consent of each person who is the holder of a qualifying floating charge in respect of the company's property or, where consent is withheld, with the permission of the court.

(6) An appointment under sub-paragraph (1) may be made only with the consent of the person or persons acting as the administrator of the company.

---

**Annotations:**

**Modifications etc. (not altering text)**
**C71**   Sch. B1 paras. 100-103 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Presumption of validity*

104    An act of the administrator of a company is valid in spite of a defect in his appointment or qualification.

---

**Annotations:**

**Modifications etc. (not altering text)**
**C72**   Sch. B1 para. 104 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Majority decision of directors*

105    A reference in this Schedule to something done by the directors of a company includes a reference to the same thing done by a majority of the directors of a company.

*Penalties*

106   (1) A person who is guilty of an offence under this Schedule is liable to a fine (in accordance with section 430 and Schedule 10).

    (2) A person who is guilty of an offence under any of the following paragraphs of this Schedule is liable to a daily default fine (in accordance with section 430 and Schedule 10)—

       (a)   paragraph 20,

       (b)   paragraph 32,

       (c)   paragraph 46,

       (d)   paragraph 48,

       (e)   paragraph 49,

       (f)   paragraph 51,

       (g)   paragraph 53,

       (h)   paragraph 54,

*Changes to legislation: There are outstanding changes not yet made by the legislation.gov.uk*
*editorial team to Insolvency Act 1986. Any changes that have already been made by the team*
*appear in the content and are referenced with annotations. (See end of Document for details)*

    (i)    paragraph 56,

    (j)    paragraph 71,

    (k)    paragraph 72,

    (l)    paragraph 77,

    (m)    paragraph 78,

    (n)    paragraph 80,

    (o)    paragraph 84,

    (p)    paragraph 86, and

    (q)    paragraph 89.

---

**Annotations:**

**Modifications etc. (not altering text)**

**C73**  Sch. B1 para. 106 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

*Extension of time limit*

107    (1) Where a provision of this Schedule provides that a period may be varied in accordance with this paragraph, the period may be varied in respect of a company—

    (a)    by the court, and

    (b)    on the application of the administrator.

    (2) A time period may be extended in respect of a company under this paragraph—

    (a)    more than once, and

    (b)    after expiry.

---

**Annotations:**

**Modifications etc. (not altering text)**

**C74**  Sch. B1 paras. 107-109 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

108    (1) A period specified in paragraph 49(5), 50(1)(b) or 51(2) may be varied in respect of a company by the administrator with consent.

    (2) In sub-paragraph (1) "consent" means consent of—

    (a)    each secured creditor of the company, and

    (b)    if the company has unsecured debts, creditors whose debts amount to more than 50% of the company's unsecured debts, disregarding debts of any creditor who does not respond to an invitation to give or withhold consent.

    (3) But where the administrator has made a statement under paragraph 52(1)(b) "consent" means—

    (a)    consent of each secured creditor of the company, or

    (b)    if the administrator thinks that a distribution may be made to preferential creditors, consent of—

        (i)    each secured creditor of the company, and

*Changes to legislation: There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)*

(ii) preferential creditors whose debts amount to more than 50% of the total preferential debts of the company, disregarding debts of any creditor who does not respond to an invitation to give or withhold consent.

(4) Consent for the purposes of sub-paragraph (1) may be—

    (a) written, or

    (b) signified at a creditors' meeting.

(5) The power to extend under sub-paragraph (1)—

    (a) may be exercised in respect of a period only once,

    (b) may not be used to extend a period by more than 28 days,

    (c) may not be used to extend a period which has been extended by the court, and

    (d) may not be used to extend a period after expiry.

**Annotations:**

**Modifications etc. (not altering text)**

**C75** Sch. B1 paras. 107-109 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

109    Where a period is extended under paragraph 107 or 108, a reference to the period shall be taken as a reference to the period as extended.

**Annotations:**

**Modifications etc. (not altering text)**

**C76** Sch. B1 paras. 107-109 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

*Amendment of provision about time*

110    (1) The Secretary of State may by order amend a provision of this Schedule which—

    (a) requires anything to be done within a specified period of time,

    (b) prevents anything from being done after a specified time, or

    (c) requires a specified minimum period of notice to be given.

(2) An order under this paragraph—

    (a) must be made by statutory instrument, and

    (b) shall be subject to annulment in pursuance of a resolution of either House of Parliament.

**Annotations:**

**Modifications etc. (not altering text)**

**C77** Sch. B1 para. 110 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

> ***Changes to legislation:*** *There are outstanding changes not yet made by the legislation.gov.uk*
> *editorial team to Insolvency Act 1986. Any changes that have already been made by the team*
> *appear in the content and are referenced with annotations. (See end of Document for details)*

*Interpretation*

111    (1) In this Schedule—

> "administrative receiver" has the meaning given by section 251,
>
> "administrator" has the meaning given by paragraph 1 and, where the context requires, includes a reference to a former administrator,
>
> **F18** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> "correspondence" includes correspondence by telephonic or other electronic means,
>
> "creditors' meeting" has the meaning given by paragraph 50,
>
> "enters administration" has the meaning given by paragraph 1,
>
> "floating charge" means a charge which is a floating charge on its creation,
>
> "in administration" has the meaning given by paragraph 1,
>
> "hire-purchase agreement" includes a conditional sale agreement, a chattel leasing agreement and a retention of title agreement,
>
> "holder of a qualifying floating charge" in respect of a company's property has the meaning given by paragraph 14,
>
> "market value" means the amount which would be realised on a sale of property in the open market by a willing vendor,
>
> "the purpose of administration" means an objective specified in paragraph 3, and
>
> "unable to pay its debts" has the meaning given by section 123.

[**F19**(1A) In this Schedule, "company" means—

> [**F20**(a)    a company registered under the Companies Act 2006 in England and Wales or Scotland,]
>
> (b)    a company incorporated in an EEA State other than the United Kingdom, or
>
> (c)    a company not incorporated in an EEA State but having its centre of main interests in a member State other than Denmark.

(1B) In sub-paragraph (1A), in relation to a company, "centre of main interests" has the same meaning as in the EC Regulation and, in the absence of proof to the contrary, is presumed to be the place of its registered office (within the meaning of that Regulation).]

(2) **F21** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(3) In this Schedule a reference to action includes a reference to inaction.

---

**Annotations:**

**Amendments (Textual)**

**F18**    In Sch. B1 para. 111(1) definition of "company" omitted (13.4.2005) by virtue of The Insolvency Act 1986 (Amendment) Regulations 2005 (S.I. 2005/879), **reg. 2(4)(a)** (with reg. 3)

**F19**    Sch. B1 para. 111(1A)(1B) inserted (13.4.2005) by The Insolvency Act 1986 (Amendment) Regulations 2005 (S.I. 2005/879), **reg. 2(4)(b)** (with reg. 3)

**F20**    Sch. B1 para. 111(1A)(a) substituted (1.10.2009) by The Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009, (S.I. 2009/1941) arts. 2(1), 8, {Sch. 1 para. 72} (with art. 10, Sch. 1 para. 84)

**F21**    Sch. B1 para. 111(2) repealed (6.4.2010) by The Legislative Reform (Insolvency) (Miscellaneous Provisions) Order 2010 (S.I. 2010/18), **art. 4(2)**

---

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

**Modifications etc. (not altering text)**
   **C78**  Sch. B1 para. 111 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with **s. 247**); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

*Non-UK companies*

111A     A company incorporated outside the United Kingdom that has a principal place of business in Northern Ireland may not enter administration under this Schedule unless it also has a principal place of business in England and Wales or Scotland (or both in England and Wales and in Scotland).]

**Annotations:**

**Amendments (Textual)**
   **F22**  Sch. B1 para. 111A inserted (13.4.2005) by The Insolvency Act 1986 (Amendment) Regulations 2005 (S.I. 2005/879), **reg. 2(4)(c)** (with reg. 3)

*Scotland*

112     In the application of this Schedule to Scotland—

       (a)   a reference to filing with the court is a reference to lodging in court, and

       (b)   a reference to a charge is a reference to a right in security.

**Annotations:**

**Modifications etc. (not altering text)**
   **C79**  Sch. B1 paras. 112-116 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with **s. 247**); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

113     Where property in Scotland is disposed of under paragraph 70 or 71, the administrator shall grant to the disponee an appropriate document of transfer or conveyance of the property, and—

       (a)   that document, or

       (b)   recording, intimation or registration of that document (where recording, intimation or registration of the document is a legal requirement for completion of title to the property),

has the effect of disencumbering the property of or, as the case may be, freeing the property from, the security.

**Annotations:**

**Modifications etc. (not altering text)**
   **C80**  Sch. B1 paras. 112-116 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with **s. 247**); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

114     In Scotland, where goods in the possession of a company under a hire-purchase agreement are disposed of under paragraph 72, the disposal has the effect of

---

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

extinguishing as against the disponee all rights of the owner of the goods under the
agreement.

| Annotations: |
| --- |
| **Modifications etc. (not altering text)** |
| **C81**   Sch. B1 paras. 112-116 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3 |

115    (1) In Scotland, the administrator of a company may make, in or towards the satisfaction
of the debt secured by the floating charge, a payment to the holder of a floating charge
which has attached to the property subject to the charge.

(2) In Scotland, where the administrator thinks that the company has insufficient
property to enable a distribution to be made to unsecured creditors other than by
virtue of section 176A(2)(a), he may file a notice to that effect with the registrar of
companies.

(3) On delivery of the notice to the registrar of companies, any floating charge granted
by the company shall, unless it has already so attached, attach to the property which
is subject to the charge and that attachment shall have effect as if each floating charge
is a fixed security over the property to which it has attached.

| Annotations: |
| --- |
| **Modifications etc. (not altering text)** |
| **C82**   Sch. B1 paras. 112-116 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3 |

116    In Scotland, the administrator in making any payment in accordance with paragraph
115 shall make such payment subject to the rights of any of the following categories
of persons (which rights shall, except to the extent provided in any instrument, have
the following order of priority)—

(a) the holder of any fixed security which is over property subject to the
floating charge and which ranks prior to, or pari passu with, the floating
charge,

(b) creditors in respect of all liabilities and expenses incurred by or on behalf
of the administrator,

(c) the administrator in respect of his liabilities, expenses and remuneration
and any indemnity to which he is entitled out of the property of the
company,

(d) the preferential creditors entitled to payment in accordance with paragraph
65,

(e) the holder of the floating charge in accordance with the priority of that
charge in relation to any other floating charge which has attached, and

(f) the holder of a fixed security, other than one referred to in paragraph (a),
which is over property subject to the floating charge.]

50

***Changes to legislation:*** *There are outstanding changes not yet made by the legislation.gov.uk editorial team to Insolvency Act 1986. Any changes that have already been made by the team appear in the content and are referenced with annotations. (See end of Document for details)*

**Annotations:**

**Modifications etc. (not altering text)**

C83    Sch. B1 paras. 112-116 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

**Changes to legislation:**
There are outstanding changes not yet made by the legislation.gov.uk editorial team to
Insolvency Act 1986. Any changes that have already been made by the team appear in the
content and are referenced with annotations.

**Changes and effects yet to be applied to :**

– Sch. B1 amendment to earlier affecting provision SI 1994/2421 Sch. 2 by S.I.
  2013/472 Sch. 2 para. 11(b)
– Sch. B1 para. 12 applied by 2016 c. 22 s. 106(8)
– Sch. B1 para. 13 excluded by 2016 c. 22 s. 106(3)
– Sch. B1 para. 14 modified by 2016 c. 22 s. 107
– Sch. B1 para. 22 modified by 2016 c. 22 s. 107
– Sch. B1 para. 1 modified by 2016 c. 22 Sch. 5 Pt. 1 2
– Sch. B1 para. 40-49 modified by 2016 c. 22 Sch. 5 Pt. 1 2
– Sch. B1 para. 54 modified by 2016 c. 22 Sch. 5 Pt. 1 2
– Sch. B1 para. 59-68 modified by 2016 c. 22 Sch. 5 Pt. 1 2
– Sch. B1 para. 70-79 modified by 2016 c. 22 Sch. 5 Pt. 1 2
– Sch. B1 para. 83-91 modified by 2016 c. 22 Sch. 5 Pt. 1 2
– Sch. B1 para. 98-107 modified by 2016 c. 22 Sch. 5 Pt. 1 2
– Sch. B1 para. 109-111 modified by 2016 c. 22 Sch. 5 Pt. 1 2
– Sch. B1 para. 112-116 modified by 2016 c. 22 Sch. 5 Pt. 1 2
– Sch. B1 para. 49 modified by S.I. 2013/1046 rule 20(2)
– Sch. B1 para. 50 modified (temp.) by 2016 c. 22 Sch. 5 Pt. 1 2
– Sch. B1 para. 99(6)(d) omitted by 2015 c. 20 Sch. 6 para. 27
– Sch. B1 para. 50 and heading omitted by 2015 c. 26 Sch. 9 para. 10(3)
– Sch. B1 para. 54(2)(a) omitted by 2015 c. 26 Sch. 9 para. 10(12)
– Sch. B1 para. 58 and heading omitted by 2015 c. 26 Sch. 9 para. 10(22)
– Sch. B1 para. 78(3) omitted by 2015 c. 26 Sch. 9 para. 10(28)
– Sch. B1 para. 108(4) omitted by 2015 c. 26 Sch. 9 para. 10(43)
– Sch. B1 specified provisions applied (with modifications) by 2013 c. 33 Sch. 6 para.
  5 Table 1
– Sch. B1 para. 51 heading substituted by 2015 c. 26 Sch. 9 para. 10(4)
– Sch. B1 para. 51(1)-(3) substituted by 2015 c. 26 Sch. 9 para. 10(5)
– Sch. B1 para. 52(3) substituted by 2015 c. 26 Sch. 9 para. 10(7)
– Sch. B1 para. 53 heading substituted by 2015 c. 26 Sch. 9 para. 10(8)
– Sch. B1 para. 53(1) substituted by 2015 c. 26 Sch. 9 para. 10(9)
– Sch. B1 para. 54(2)(d) substituted by 2015 c. 26 Sch. 9 para. 10(14)
– Sch. B1 para. 54(5) substituted by 2015 c. 26 Sch. 9 para. 10(15)
– Sch. B1 para. 55(1) substituted by 2015 c. 26 Sch. 9 para. 10(17)
– Sch. B1 para. 74(4)(c) substituted by 2015 c. 26 Sch. 9 para. 10(24)
– Sch. B1 para. 78(1)(b) substituted by 2015 c. 26 Sch. 9 para. 10(25)
– Sch. B1 para. 78(2)(b)(ii) substituted by 2015 c. 26 Sch. 9 para. 10(26)
– Sch. B1 para. 97(2)(3) substituted by 2015 c. 26 Sch. 9 para. 10(35)
– Sch. B1 para. 98(3)(b)(ii) substituted by 2015 c. 26 Sch. 9 para. 10(37)
– Sch. B1 para. 108(2)(b) substituted by 2015 c. 26 Sch. 9 para. 10(40)
– Sch. B1 para. 108(3)(b)(ii) substituted by 2015 c. 26 Sch. 9 para. 10(41)
– Sch. B1 para. 54(6) word inserted by 2015 c. 26 Sch. 9 para. 10(16)(b)
– Sch. B1 para. 83(8)(d) word omitted by 2015 c. 26 Sch. 9 para. 10(32)
– Sch. B1 para. 108(1) word omitted by 2015 c. 26 Sch. 9 para. 10(39)
– Sch. B1 para. 73(1)(b) word omitted by S.I. 2014/3486 art. 10(2)
– Sch. B1 para. 53(2) word substituted by 2015 c. 26 Sch. 9 para. 10(10)(a)
– Sch. B1 para. 54(6) word substituted by 2015 c. 26 Sch. 9 para. 10(16)(a)
– Sch. B1 para. 56 heading word substituted by 2015 c. 26 Sch. 9 para. 10(18)
– Sch. B1 para. 97 heading word substituted by 2015 c. 26 Sch. 9 para. 10(34)
– Sch. B1 para. 98(2)(b) word substituted by 2015 c. 26 Sch. 9 para. 10(36)
– Sch. B1 para. 98(2)(b) words inserted by 2015 c. 20 Sch. 6 para. 7(2)
– Sch. B1 para. 83(1)(b) words inserted by 2015 c. 26 s. 128(3)

*Insolvency Act 1986 (c. 45)*
*Document Generated: 2016-11-25*

- Sch. B1 para. 83(2)(b) words inserted by 2015 c. 26 s. 128(3)
- Sch. B1 para. 49(4)(b) words inserted by 2015 c. 26 Sch. 9 para. 10(2)
- Sch. B1 para. 53(2) words inserted by 2015 c. 26 Sch. 9 para. 10(10)(b)
- Sch. B1 para. 54(2)(b) words inserted by 2015 c. 26 Sch. 9 para. 10(13)(b)
- Sch. B1 para. 80(4) words inserted by 2015 c. 26 Sch. 9 para. 10(30)
- Sch. B1 para. 83(5)(b) words inserted by 2015 c. 26 Sch. 9 para. 10(31)
- Sch. B1 para. 84(5)(b) words inserted by 2015 c. 26 Sch. 9 para. 10(33)
- Sch. B1 para. 115(3) words omitted by 2015 c. 26 s. 130(3)
- Sch. B1 para. 54(2)(b) words omitted by 2015 c. 26 Sch. 9 para. 10(13)(a)
- Sch. B1 para. 111 words omitted by 2015 c. 26 Sch. 9 para. 10(44)
- Sch. B1 para. 40(2)(b) words substituted by 2012 c. 21 Sch. 18 para. 55(2)
- Sch. B1 para. 42(4)(b) words substituted by 2012 c. 21 Sch. 18 para. 55(3)
- Sch. B1 para. 82(1)(b) words substituted by 2012 c. 21 Sch. 18 para. 55(4)
- Sch. B1 para. 26(2) words substituted by 2015 c. 20 Sch. 6 para. 6
- Sch. B1 para. 98(3) words substituted by 2015 c. 20 Sch. 6 para. 7(4)(a)
- Sch. B1 para. 98(3)(b) words substituted by 2015 c. 20 Sch. 6 para. 7(4)(b)
- Sch. B1 para. 76(2)(b) words substituted by 2015 c. 26 s. 127
- Sch. B1 para. 65(3) words substituted by 2015 c. 26 s. 128(2)
- Sch. B1 para. 52(2) words substituted by 2015 c. 26 Sch. 9 para. 10(6)
- Sch. B1 para. 54(1)(a) words substituted by 2015 c. 26 Sch. 9 para. 10(11)
- Sch. B1 para. 56(1) words substituted by 2015 c. 26 Sch. 9 para. 10(19)(a)
- Sch. B1 para. 56(1) words substituted by 2015 c. 26 Sch. 9 para. 10(19)(b)
- Sch. B1 para. 56(2) words substituted by 2015 c. 26 Sch. 9 para. 10(20)
- Sch. B1 para. 57(1) words substituted by 2015 c. 26 Sch. 9 para. 10(21)
- Sch. B1 para. 62 words substituted by 2015 c. 26 Sch. 9 para. 10(23)
- Sch. B1 para. 79(2)(c) words substituted by 2015 c. 26 Sch. 9 para. 10(29)
- Sch. B1 para. 73(1)(c) words substituted by S.I. 2014/3486 art. 10(4)
- First Group of Parts amendment to earlier affecting provision SI 2006/3107 art. 3 Sch. by S.I. 2013/472 Sch. 2 para. 117
- Third Group of Parts applied (with modifications) in part by S.I. 2012/3013 Sch. para. 1(2)(c)(3)-(7)

### Changes and effects yet to be applied to the whole Act associated Parts and Chapters:

- Act amendment to earlier affecting provision SI 2011/245 reg. 8(7) 9 15 16-21 24 25 Sch. 1-4 by S.I. 2013/472 Sch. 2 para. 198(i)-(n)
- Act applied (with modifications) by S.I. 2011/245 reg. 8(7) 9 15 16-21 24 25 Sch. 1-4
- Act applied (with modifications) by S.I. 2015/1493 reg. 8(2)
- Act applied by 2007 c. 27 s. 27A(2) (as inserted) by 2015 c. 9 Sch. 1 para. 20
- Act excluded by S.I. 2014/3348 art. 217
- Act modified by S.I. 2013/1046 rule 205(2)-(4)
- Act modified by S.I. 2013/3208 rule 206
- Act modified in part by 2016 c. 22 Sch. 5 para. 39
- Act power to apply (with or without modifications) conferred by 2007 c. 27 s. 27A(7) (as inserted) by 2015 c. 9 Sch. 1 para. 20
- Act power to modify conferred by 2016 c. 22 Sch. 5 para. 45(2)
- Act specified provisions applied (with modifications) by 2013 c. 33 Sch. 6 para. 5 Table 2

### Whole provisions yet to be inserted into this Act (including any effects on those provisions):

- Pt. 12-19 applied (with modifications) by S.I. 2014/229 art. 4(c) Sch. 3
- Pt. 9 Ch. A1 inserted by 2013 c. 24 Sch. 18
- Pt. 9 Ch. 1 heading substituted by 2013 c. 24 Sch. 19 para. 5
- Pt. 9 Ch. 1A heading substituted for cross-heading before s. 278 by 2013 c. 24 Sch. 19 para. 10
- s. 2(2)(b)(c) substituted for s. 2(2)(aa)(b) by 2015 c. 26 Sch. 9 para. 2

- s. 3(3)(4) substituted for s. 3(3) by 2015 c. 26 Sch. 9 para. 3(4)
- s. 4(1)(1A) substituted for s. 4(1) by 2015 c. 26 Sch. 9 para. 4(2)
- s. 4(4)(c) and word inserted by S.I. 2014/3486 art. 4(2)(d)
- s. 4(4)(aa) inserted by S.I. 2014/3486 art. 4(2)(b)
- s. 4(6A) inserted by 2015 c. 26 Sch. 9 para. 4(7)
- s. 4A(5A) inserted by 2012 c. 21 Sch. 18 para. 52(3)
- s. 6(1A) inserted by 2015 c. 26 Sch. 9 para. 7(3)
- s. 6(3)(a) words inserted by 2015 c. 26 Sch. 9 para. 7(5)
- s. 6(4)(c) inserted by 2015 c. 26 Sch. 9 para. 7(10)
- s. 6(7)(a) word inserted by 2015 c. 26 Sch. 9 para. 7(13)(b)
- s. 6(7)(a) words in s. 6(7) renumbered as s. 6(7)(a) by 2015 c. 26 Sch. 9 para. 7(13)(a)
- s. 6(7)(b) and word inserted by 2015 c. 26 Sch. 9 para. 7(13)(c)
- s. 95(1A) inserted by 2015 c. 26 Sch. 9 para. 19(2)
- s. 95(4B)(4C) inserted by 2015 c. 26 Sch. 9 para. 19(4)
- s. 96(4A) inserted by 2015 c. 26 Sch. 9 para. 20(2)
- s. 100(1)-(1B) substituted for s. 100(1) by 2015 c. 26 Sch. 9 para. 24
- s. 117(2A) inserted by S.I. 1991/724, Sch. Pt. 1 (as amended) by S.I. 2014/821 art. 2(10)(a)(ii)
- s. 126(3) inserted by 2015 c. 33 Sch. 8 para. 27
- s. 128(3) inserted by 2015 c. 33 Sch. 8 para. 28
- s. 130(3A) inserted by 2015 c. 33 Sch. 8 para. 29
- s. 141(1)-(3C) substituted for s. 141(1)-(3) by 2015 c. 26 Sch. 9 para. 36
- s. 170(8) amendment to earlier affecting provision 1998 c. 46 Sch. 8 para. 23(2)-(3) by S.I. 2016/679 art. 6
- s. 171(3)(3A) substituted for s. 171(3) by 2015 c. 26 Sch. 9 para. 42(3)
- s. 171(6)(7) substituted for s. 171(6) by 2015 c. 26 Sch. 9 para. 42(4)
- s. 173(2A) inserted by 2015 c. 26 Sch. 9 para. 44(5)
- s. 174(4A) inserted by 2015 c. 20 Sch. 6 para. 10
- s. 174(4ZA) inserted by 2015 c. 26 Sch. 9 para. 45(5)
- s. 175(1A)(1B) inserted by S.I. 2014/3486 art. 5(3)
- s. 175(3) inserted by S.I. 2014/3486 art. 5(5)
- s. 175A amendment to earlier affecting provision SI 1994/2421 Sch. 4 para. 23 by S.I. 2014/3486 art. 14
- s. 175B amendment to earlier affecting provision SI 1994/2421 Sch. 4 para. 23 by S.I. 2014/3486 art. 14
- s. 176(2)(2A) substituted for s. 176(2) by 2015 c. 33 Sch. 8 para. 30(2)
- s. 176ZB inserted by 2015 c. 26 s. 119
- s. 183(4A) inserted by 2015 c. 33 Sch. 8 para. 31
- s. 214(6A) inserted by 2015 c. 26 s. 117(3)
- s. 233(3)(e)(f) inserted by S.I. 2015/989 art. 2(2)(d)
- s. 233(3)(aa) inserted by S.I. 2015/989 art. 2(2)(a)
- s. 233(3)(ba) inserted by S.I. 2015/989 art. 2(2)(b)
- s. 233(3)(ca)-(cc) inserted by S.I. 2015/989 art. 2(2)(c)
- s. 233(3A) inserted by S.I. 2015/989 art. 2(3)
- s. 233A inserted by S.I. 2015/989 art. 4
- s. 246A applied (with modifications) by S.I. 2013/1388 Sch. 2 para. 3 5 Pt. 3 Table
- s. 246B applied (with modifications) by S.I. 2013/1388 Sch. 2 para. 3 5 Pt. 3 Table
- s. 246C inserted by 2015 c. 26 s. 124(3)
- s. 246ZA-246ZC and cross-heading inserted by 2015 c. 26 s. 117(2)
- s. 246ZD and cross-heading inserted by 2015 c. 26 s. 118
- s. 246ZE-246ZG and cross-heading inserted by 2015 c. 26 s. 122(2)
- s. 248A inserted by 2015 c. 26 s. 124(4)
- s. 256(1)(aa) word omitted by 2015 c. 26 Sch. 9 para. 61(3)(b)
- s. 256(1)(aa) words substituted by 2015 c. 26 Sch. 9 para. 61(3)(a)
- s. 257(1)-(2B) substituted for s. 257(1)(2) by 2015 c. 26 Sch. 9 para. 64(2)
- s. 258(5)(c) and word inserted by S.I. 2014/3486 art. 6(2)(d)
- s. 258(5)(aa) inserted by S.I. 2014/3486 art. 6(2)(b)

- s. 262(3)(a) words substituted by 2015 c. 26 s. 134
- s. 288(2A) inserted by 2015 c. 20 Sch. 6 para. 15(3)
- s. 291A inserted by 2015 c. 26 s. 133(1)
- s. 298(4A)(4B) inserted by 2015 c. 26 Sch. 9 para. 77(4)
- s. 298(8A) inserted by 2015 c. 26 Sch. 9 para. 77(6)
- s. 299(3A) inserted by 2015 c. 26 Sch. 9 para. 78(6)
- s. 300(3)(3A) substituted for s. 300(3) by 2015 c. 26 Sch. 9 para. 79(2)
- s. 307(4A) inserted by 2015 c. 20 Sch. 6 para. 16(4)
- s. 328(1A)(1B) inserted by S.I. 2014/3486 art. 7(3)
- s. 328(7) inserted by S.I. 2014/3486 art. 7(5)
- s. 328A amendment to earlier affecting provision SI 1994/2421 Sch. 7 para. 21 by S.I. 2014/3486 art. 15
- s. 328B amendment to earlier affecting provision SI 1994/2421 Sch. 7 para. 21 by S.I. 2014/3486 art. 15
- s. 330(1A) inserted by 2015 c. 26 Sch. 9 para. 82
- s. 331(2)(2A) substituted for s. 331(2) by 2015 c. 26 Sch. 9 para. 83(2)
- s. 346(1A) inserted by 2015 c. 33 Sch. 8 para. 32
- s. 347(3)(3A) substituted for s. 347(3) by 2015 c. 33 Sch. 8 para. 33(1)(a)
- s. 372(4)(e)(f) inserted by S.I. 2015/989 art. 3(2)(d)
- s. 372(4)(aa) inserted by S.I. 2015/989 art. 3(2)(a)
- s. 372(4)(ba) inserted by S.I. 2015/989 art. 3(2)(b)
- s. 372(4)(ca)(cb) inserted by S.I. 2015/989 art. 3(2)(c)
- s. 372(4A) inserted by S.I. 2015/989 art. 3(3)
- s. 372A inserted by S.I. 2015/989 art. 5
- s. 379C inserted by 2015 c. 26 s. 125(3)
- s. 379ZA-379ZC and cross-heading inserted by 2015 c. 26 s. 123(2)
- s. 381(1A) inserted by 2013 c. 24 Sch. 19 para. 52(3)
- s. 382(5) inserted by 2012 c. 5 s. 142(1)
- s. 383A inserted by 2015 c. 26 s. 125(4)
- s. 386(1A)(1B) inserted by S.I. 2014/3486 art. 8(3)
- s. 389A(3)(aa) inserted by S.I. 2012/2404 Sch. 2 para. 23
- s. 390A 390B inserted by 2015 c. 20 s. 17(3)
- s. 391 391A substituted for s. 391 by 2015 c. 26 s. 137(1)
- s. 391B 391C and cross-heading inserted by 2015 c. 26 s. 138(1)
- s. 391D-391K and cross-heading inserted by 2015 c. 26 s. 139(1)
- s. 391L-391N and cross-heading inserted by 2015 c. 26 s. 140(1)
- s. 391O-391R and cross-heading inserted by 2015 c. 26 s. 141
- s. 391S and cross-heading inserted by 2015 c. 26 s. 142
- s. 391T inserted by 2015 c. 26 s. 143
- s. 398A and crossheading inserted by 2013 c. 24 s. 71(1)
- s. 415(1)(c) and word inserted by 2013 c. 24 Sch. 19 para. 59(2)(b)
- s. 415(1A) inserted by 2013 c. 24 Sch. 19 para. 59(3)
- s. 415A(1A) inserted by 2015 c. 20 s. 17(5)(b)
- s. 415A(1B) inserted by 2015 c. 26 s. 139(2)
- s. 415A(5) inserted by 2015 c. 26 s. 140(2)
- s. 419(5) inserted by 2015 c. 26 s. 138(2)
- s. 426A heading words substituted by S.I. 2012/1544 art. 3(a)
- s. 426A(7)(8) inserted by S.I. 2012/1544 art. 3(b)
- s. 426B(1A) inserted by S.I. 2012/1544 art. 4(b)
- s. 426B(3) inserted by S.I. 2012/1544 art. 4(c)
- s. 427 heading words omitted by S.I. 2012/1544 art. 5(a)
- Sch. A1 para. 44(16A) inserted by 2012 c. 21 Sch. 18 para. 54(12)
- Sch. A1 para. 44(17A) inserted by 2012 c. 21 Sch. 18 para. 54(14)
- Sch. A1 para. 30(4) inserted by 2015 c. 26 Sch. 9 para. 9(13)
- Sch. A1 para. 31(7A)(7B) inserted by 2015 c. 26 Sch. 9 para. 9(19)
- Sch. A1 para. 32(1A) inserted by 2015 c. 26 Sch. 9 para. 9(21)
- Sch. A1 para. 38(1A) inserted by 2015 c. 26 Sch. 9 para. 9(33)
- Sch. A1 para. 38(4)(c) inserted by 2015 c. 26 Sch. 9 para. 9(39)

–   Sch. A1 para. 38(9)(b) and word inserted by 2015 c. 26 Sch. 9 para. 9(42)(c)
–   Sch. A1 para. 40(5)(ca) inserted by 2015 c. 26 Sch. 9 para. 9(44)(b)
–   Sch. A1 para. 31(5)(aa) inserted by S.I. 2014/3486 art. 9(2)(b)
–   Sch. A1 para. 31(5)(c) and word inserted by S.I. 2014/3486 art. 9(2)(d)
–   Sch. A1 para. 29(2)(3) substituted for Sch. A1 para. 29(2) by 2015 c. 26 Sch. 9 para. 9(8)
–   Sch. A1 para. 31(1)(1A) substituted for Sch. A1 para. 31(1) by 2015 c. 26 Sch. 9 para. 9(14)
–   Sch. A1 para. 35(1)-(2A) substituted for Sch. A1 para. 35(1)(2) by 2015 c. 26 Sch. 9 para. 9(27)
–   Sch. A1 para. 44(8)(8A) substituted for Sch. A1 para. 44(8) by 2015 c. 26 Sch. 9 para. 9(45)
–   Sch. A1 para. 38(9)(a) words in Sch. A1 para. 38(9) renumbered as Sch. A1 para. 38(9)(a) by 2015 c. 26 Sch. 9 para. 9(42)(a)
–   Sch. A1 para. 38(9)(a) words inserted by 2015 c. 26 Sch. 9 para. 9(42)(b)
–   Sch. A1 para. 44(17A)(b) words substituted by 2015 c. 26 Sch. 9 para. 9(47)
–   Sch. B1 para. 60(1) Sch. B1 para. 60 renumbered as Sch. B1 para. 60(1) by 2015 c. 26 s. 129(2)
–   Sch. B1 para. 25A inserted by 2015 c. 20 Sch. 6 para. 5
–   Sch. B1 para. 98(2)(ba) inserted by 2015 c. 20 Sch. 6 para. 7(3)
–   Sch. B1 para. 60(2) inserted by 2015 c. 26 s. 129(3)
–   Sch. B1 para. 60A inserted by 2015 c. 26 s. 129(4)
–   Sch. B1 para. 115(1A)(1B) inserted by 2015 c. 26 s. 130(2)
–   Sch. B1 para. 115(4) inserted by 2015 c. 26 s. 130(4)
–   Sch. B1 para. 78(2A) inserted by 2015 c. 26 Sch. 9 para. 10(27)
–   Sch. B1 para. 98(3A) inserted by 2015 c. 26 Sch. 9 para. 10(38)
–   Sch. B1 para. 108(3A) inserted by 2015 c. 26 Sch. 9 para. 10(42)
–   Sch. B1 para. 73(1)(bb) inserted by S.I. 2014/3486 art. 10(3)
–   Sch. B1 para. 73(1)(d) and word inserted by S.I. 2014/3486 art. 10(5)
–   Sch. 6 para. 15B 15C and cross-headings inserted by 2013 c. 33 s. 13(1)
–   Sch. 6 para. 15BA 15BB inserted by S.I. 2014/3486 art. 11(2)
–   Sch. 6 para. 15C(3)(4) and words inserted by S.I. 2014/3486 art. 11(4)(c)
–   Sch. 6 para. 15AA and cross-heading inserted by S.I. 2015/486 reg. 14(3)(a)
–   Sch. 6 para. 15C(A1) inserted by S.I. 2015/486 reg. 14(3)(c)
–   Sch. 6 para. 15C cross-heading words substituted by S.I. 2014/3486 art. 11(3)
–   Sch. 6 para. 15C(1) words substituted by S.I. 2014/3486 art. 11(4)(a)
–   Sch. 6 para. 15C(2) words substituted by S.I. 2014/3486 art. 11(4)(b)
–   Sch. 6 para. 15C cross-heading words substituted by S.I. 2015/486 reg. 14(3)(b)
–   Sch. 8 para. 8A inserted by 2015 c. 26 s. 122(3)
–   Sch. 8 para. 5A inserted by 2015 c. 26 s. 124(5)
–   Sch. 8 para. 13A inserted by 2015 c. 26 s. 131
–   Sch. 8 para. 9A inserted by 2015 c. 26 Sch. 9 para. 58
–   Sch. 9 para. 4A 4B and cross-heading inserted by 2013 c. 24 Sch. 19 para. 65(2)
–   Sch. 9 para. 4C and cross-heading inserted by 2013 c. 24 Sch. 19 para. 65(3)
–   Sch. 9 para. 24A-24D and cross-heading inserted by 2013 c. 24 Sch. 19 para. 65(4)
–   Sch. 9 para. 11A inserted by 2015 c. 26 s. 123(3)
–   Sch. 9 para. 18A inserted by 2015 c. 26 s. 132
–   Sch. 9 para. 12A inserted by 2015 c. 26 Sch. 9 para. 86

## Commencement Orders yet to be applied to the Insolvency Act 1986

Commencement Orders bringing legislation that affects this Act into force:

–   S.I. 2004/1832 art. 2 commences (2002 c. 15)

# EXHIBIT B

**Schedule 1 to the Insolvency Act 1986**

*Insolvency Act 1986 (c. 45)*
*SCHEDULE 1 – Powers of Administrator or Administrative Receiver*
*Document Generated: 2016-11-26*

1

---

*Changes to legislation:* There are outstanding changes not yet made by the legislation.gov.uk
editorial team to Insolvency Act 1986. Any changes that have already been made by the team
appear in the content and are referenced with annotations. (See end of Document for details)

---

# S C H E D U L E S

## SCHEDULE 1

Sections 14, 42.

POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER

---

**Annotations:**

.....................................................................................................

**Modifications etc. (not altering text)**

C1   Sch. 1 modified (15.7.2003) by 1999 c. 29, ss. 220(3), 425, Sch. 14 paras. 11, 19 (with Sch. 12 para.
9(1)); S.I. 2003/1920, **art. 2(b)**

C2   Sch. 1 applied (with modifications) (17.2.2009 for certain purposes, otherwise 21.2.2009) by Banking
Act 2009 (c. 1), **ss. 145**, 263(1)(2) (with s. 247); S.I. 2009/296, **arts. 2**, 3, Sch. para. 3

---

1          Power to take possession of, collect and get in the property of the company and, for
that purpose, to take such proceedings as may seem to him expedient.

2          Power to sell or otherwise dispose of the property of the company by public auction
or private contract or, in Scotland, to sell, [**F1**feu,] hire out or otherwise dispose of
the property of the company by public roup or private bargain.

---

**Annotations:**

.....................................................................................................

**Amendments (Textual)**

F1   Word in Sch. 1 para. 2 repealed (S.) (28.11.2004) by 2000 asp 5, ss. 71, 76(2), 77(2), Sch. 13 Pt. 1 (with
ss. 58, 62, 75); S.S.I. 2003/456, **art. 2**

---

3          Power to raise or borrow money and grant security therefor over the property of
the company.

4          Power to appoint a solicitor or accountant or other professionally qualified person
to assist him in the performance of his functions.

5          Power to bring or defend any action or other legal proceedings in the name and on
behalf of the company.

6          Power to refer to arbitration any question affecting the company.

7          Power to effect and maintain insurances in respect of the business and property of
the company.

8          Power to use the company's seal.

9          Power to do all acts and to execute in the name and on behalf of the company any
deed, receipt or other document.

10        Power to draw, accept, make and endorse any bill of exchange or promissory note
in the name and on behalf of the company.

2

***Changes to legislation:*** *There are outstanding changes not yet made by the legislation.gov.uk editorial team to Insolvency Act 1986. Any changes that have already been made by the team appear in the content and are referenced with annotations. (See end of Document for details)*

11      Power to appoint any agent to do any business which he is unable to do himself or which can more conveniently be done by an agent and power to employ and dismiss employees.

12      Power to do all such things (including the carrying out of works) as may be necessary for the realisation of the property of the company.

13      Power to make any payment which is necessary or incidental to the performance of his functions.

14      Power to carry on the business of the company.

15      Power to establish subsidiaries of the company.

16      Power to transfer to subsidiaries of the company the whole or any part of the business and property of the company.

17      Power to grant or accept a surrender of a lease or tenancy of any of the property of the company, and to take a lease or tenancy of any property required or convenient for the business of the company.

18      Power to make any arrangement or compromise on behalf of the company.

19      Power to call up any uncalled capital of the company.

20      Power to rank and claim in the bankruptcy, insolvency, sequestration or liquidation of any person indebted to the company and to receive dividends, and to accede to trust deeds for the creditors of any such person.

21      Power to present or defend a petition for the winding up of the company.

22      Power to change the situation of the company's registered office.

23      Power to do all other things incidental to the exercise of the foregoing powers.

**Changes to legislation:**
There are outstanding changes not yet made by the legislation.gov.uk editorial team to
Insolvency Act 1986. Any changes that have already been made by the team appear in the
content and are referenced with annotations.

**Changes and effects yet to be applied to :**
– First Group of Parts amendment to earlier affecting provision SI 2006/3107 art. 3
  Sch. by S.I. 2013/472 Sch. 2 para. 117
– Third Group of Parts applied (with modifications) in part by S.I. 2012/3013 Sch.
  para. 1(2)(c)(3)-(7)

**Changes and effects yet to be applied to the whole Act associated Parts and Chapters:**
– Act amendment to earlier affecting provision SI 2011/245 reg. 8(7) 9 15 16-21 24 25
  Sch. 1-4 by S.I. 2013/472 Sch. 2 para. 198(i)-(n)
– Act applied (with modifications) by S.I. 2011/245 reg. 8(7) 9 15 16-21 24 25 Sch.
  1-4
– Act applied (with modifications) by S.I. 2015/1493 reg. 8(2)
– Act applied by 2007 c. 27 s. 27A(2) (as inserted) by 2015 c. 9 Sch. 1 para. 20
– Act excluded by S.I. 2014/3348 art. 217
– Act modified by S.I. 2013/1046 rule 205(2)-(4)
– Act modified by S.I. 2013/3208 rule 206
– Act modified in part by 2016 c. 22 Sch. 5 para. 39
– Act power to apply (with or without modifications) conferred by 2007 c. 27 s.
  27A(7) (as inserted) by 2015 c. 9 Sch. 1 para. 20
– Act power to modify conferred by 2016 c. 22 Sch. 5 para. 45(2)
– Act specified provisions applied (with modifications) by 2013 c. 33 Sch. 6 para. 5
  Table 2

Whole provisions yet to be inserted into this Act (including any effects on those
provisions):
– Pt. 12-19 applied (with modifications) by S.I. 2014/229 art. 4(c) Sch. 3
– Pt. 9 Ch. A1 inserted by 2013 c. 24 Sch. 18
– Pt. 9 Ch. 1 heading substituted by 2013 c. 24 Sch. 19 para. 5
– Pt. 9 Ch. 1A heading substituted for cross-heading before s. 278 by 2013 c. 24 Sch.
  19 para. 10
– s. 2(2)(b)(c) substituted for s. 2(2aa)(b) by 2015 c. 26 Sch. 9 para. 2
– s. 3(3)(4) substituted for s. 3(3) by 2015 c. 26 Sch. 9 para. 3(4)
– s. 4(1)(1A) substituted for s. 4(1) by 2015 c. 26 Sch. 9 para. 4(2)
– s. 4(4)(c) and word inserted by S.I. 2014/3486 art. 4(2)(d)
– s. 4(4)(aa) inserted by S.I. 2014/3486 art. 4(2)(b)
– s. 4(6A) inserted by 2015 c. 26 Sch. 9 para. 4(7)
– s. 4A(5A) inserted by 2012 c. 21 Sch. 18 para. 52(3)
– s. 6(1A) inserted by 2015 c. 26 Sch. 9 para. 7(3)
– s. 6(3)(a) words inserted by 2015 c. 26 Sch. 9 para. 7(5)
– s. 6(4)(c) inserted by 2015 c. 26 Sch. 9 para. 7(10)
– s. 6(7)(a) word inserted by 2015 c. 26 Sch. 9 para. 7(13)(b)
– s. 6(7)(a) words in s. 6(7) renumbered as s. 6(7)(a) by 2015 c. 26 Sch. 9 para. 7(13)
  (a)
– s. 6(7)(b) and word inserted by 2015 c. 26 Sch. 9 para. 7(13)(c)
– s. 95(1A) inserted by 2015 c. 26 Sch. 9 para. 19(2)
– s. 95(4B)(4C) inserted by 2015 c. 26 Sch. 9 para. 19(4)
– s. 96(4A) inserted by 2015 c. 26 Sch. 9 para. 20(2)
– s. 100(1)-(1B) substituted for s. 100(1) by 2015 c. 26 Sch. 9 para. 24
– s. 117(2A) inserted by S.I. 1991/724, Sch. Pt. 1 (as amended) by S.I. 2014/821 art.
  2(10)(a)(ii)
– s. 126(3) inserted by 2015 c. 33 Sch. 8 para. 27

– s. 128(3) inserted by 2015 c. 33 Sch. 8 para. 28
– s. 130(3A) inserted by 2015 c. 33 Sch. 8 para. 29
– s. 141(1)-(3C) substituted for s. 141(1)-(3) by 2015 c. 26 Sch. 9 para. 36
– s. 170(8) amendment to earlier affecting provision 1998 c. 46 Sch. 8 para. 23(2)-(3) by S.I. 2016/679 art. 6
– s. 171(3)(3A) substituted for s. 171(3) by 2015 c. 26 Sch. 9 para. 42(3)
– s. 171(6)(7) substituted for s. 171(6) by 2015 c. 26 Sch. 9 para. 42(4)
– s. 173(2A) inserted by 2015 c. 26 Sch. 9 para. 44(5)
– s. 174(4A) inserted by 2015 c. 20 Sch. 6 para. 10
– s. 174(4ZA) inserted by 2015 c. 26 Sch. 9 para. 45(5)
– s. 175(1A)(1B) inserted by S.I. 2014/3486 art. 5(3)
– s. 175(3) inserted by S.I. 2014/3486 art. 5(5)
– s. 175A amendment to earlier affecting provision SI 1994/2421 Sch. 4 para. 23 by S.I. 2014/3486 art. 14
– s. 175B amendment to earlier affecting provision SI 1994/2421 Sch. 4 para. 23 by S.I. 2014/3486 art. 14
– s. 176(2)(2A) substituted for s. 176(2) by 2015 c. 33 Sch. 8 para. 30(2)
– s. 176ZB inserted by 2015 c. 26 s. 119
– s. 183(4A) inserted by 2015 c. 33 Sch. 8 para. 31
– s. 214(6A) inserted by 2015 c. 26 s. 117(3)
– s. 233(3)(e)(f) inserted by S.I. 2015/989 art. 2(2)(d)
– s. 233(3)(aa) inserted by S.I. 2015/989 art. 2(2)(a)
– s. 233(3)(ba) inserted by S.I. 2015/989 art. 2(2)(b)
– s. 233(3)(ca)-(cc) inserted by S.I. 2015/989 art. 2(2)(c)
– s. 233(3A) inserted by S.I. 2015/989 art. 2(3)
– s. 233A inserted by S.I. 2015/989 art. 4
– s. 246A applied (with modifications) by S.I. 2013/1388 Sch. 2 para. 3 5 Pt. 3 Table
– s. 246B applied (with modifications) by S.I. 2013/1388 Sch. 2 para. 3 5 Pt. 3 Table
– s. 246C inserted by 2015 c. 26 s. 124(3)
– s. 246ZA-246ZC and cross-heading inserted by 2015 c. 26 s. 117(2)
– s. 246ZD and cross-heading inserted by 2015 c. 26 s. 118
– s. 246ZE-246ZG and cross-heading inserted by 2015 c. 26 s. 122(2)
– s. 248A inserted by 2015 c. 26 s. 124(4)
– s. 256(1)(aa) word omitted by 2015 c. 26 Sch. 9 para. 61(3)(b)
– s. 256(1)(aa) words substituted by 2015 c. 26 Sch. 9 para. 61(3)(a)
– s. 257(1)-(2B) substituted for s. 257(1)(2) by 2015 c. 26 Sch. 9 para. 64(2)
– s. 258(5)(c) and word inserted by S.I. 2014/3486 art. 6(2)(d)
– s. 258(5)(aa) inserted by S.I. 2014/3486 art. 6(2)(b)
– s. 262(3)(a) words substituted by 2015 c. 26 s. 134
– s. 288(2A) inserted by 2015 c. 20 Sch. 6 para. 15(3)
– s. 291A inserted by 2015 c. 26 s. 133(1)
– s. 298(4A)(4B) inserted by 2015 c. 26 Sch. 9 para. 77(4)
– s. 298(8A) inserted by 2015 c. 26 Sch. 9 para. 77(6)
– s. 299(3A) inserted by 2015 c. 26 Sch. 9 para. 78(6)
– s. 300(3)(3A) substituted for s. 300(3) by 2015 c. 26 Sch. 9 para. 79(2)
– s. 307(4A) inserted by 2015 c. 20 Sch. 6 para. 16(4)
– s. 328(1A)(1B) inserted by S.I. 2014/3486 art. 7(3)
– s. 328(7) inserted by S.I. 2014/3486 art. 7(5)
– s. 328A amendment to earlier affecting provision SI 1994/2421 Sch. 7 para. 21 by S.I. 2014/3486 art. 15
– s. 328B amendment to earlier affecting provision SI 1994/2421 Sch. 7 para. 21 by S.I. 2014/3486 art. 15
– s. 330(1A) inserted by 2015 c. 26 Sch. 9 para. 82
– s. 331(2)(2A) substituted for s. 331(2) by 2015 c. 26 Sch. 9 para. 83(2)
– s. 346(1A) inserted by 2015 c. 33 Sch. 8 para. 32
– s. 347(3)(3A) substituted for s. 347(3) by 2015 c. 33 Sch. 8 para. 33(1)(a)
– s. 372(4)(e)(f) inserted by S.I. 2015/989 art. 3(2)(d)
– s. 372(4)(aa) inserted by S.I. 2015/989 art. 3(2)(a)

*Insolvency Act 1986 (c. 45)*
Document Generated: 2016-11-26

- s. 372(4)(ba) inserted by S.I. 2015/989 art. 3(2)(b)
- s. 372(4)(ca)(cb) inserted by S.I. 2015/989 art. 3(2)(c)
- s. 372(4A) inserted by S.I. 2015/989 art. 3(3)
- s. 372A inserted by S.I. 2015/989 art. 5
- s. 379C inserted by 2015 c. 26 s. 125(3)
- s. 379ZA-379ZC and cross-heading inserted by 2015 c. 26 s. 123(2)
- s. 381(1A) inserted by 2013 c. 24 Sch. 19 para. 52(3)
- s. 382(5) inserted by 2012 c. 5 s. 142(1)
- s. 383A inserted by 2015 c. 26 s. 125(4)
- s. 386(1A)(1B) inserted by S.I. 2014/3486 art. 8(3)
- s. 389A(3)(aa) inserted by S.I. 2012/2404 Sch. 2 para. 23
- s. 390A 390B inserted by 2015 c. 20 s. 17(3)
- s. 391 391A substituted for s. 391 by 2015 c. 26 s. 137(1)
- s. 391B 391C and cross-heading inserted by 2015 c. 26 s. 138(1)
- s. 391D-391K and cross-heading inserted by 2015 c. 26 s. 139(1)
- s. 391L-391N and cross-heading inserted by 2015 c. 26 s. 140(1)
- s. 391O-391R and cross-heading inserted by 2015 c. 26 s. 141
- s. 391S and cross-heading inserted by 2015 c. 26 s. 142
- s. 391T inserted by 2015 c. 26 s. 143
- s. 398A and crossheading inserted by 2013 c. 24 s. 71(1)
- s. 415(1)(c) and word inserted by 2013 c. 24 Sch. 19 para. 59(2)(b)
- s. 415(1A) inserted by 2013 c. 24 Sch. 19 para. 59(3)
- s. 415A(1A) inserted by 2015 c. 20 s. 17(5)(b)
- s. 415A(1B) inserted by 2015 c. 26 s. 139(2)
- s. 415A(5) inserted by 2015 c. 26 s. 140(2)
- s. 419(5) inserted by 2015 c. 26 s. 138(2)
- s. 426A heading words substituted by S.I. 2012/1544 art. 3(a)
- s. 426A(7)(8) inserted by S.I. 2012/1544 art. 3(b)
- s. 426B(1A) inserted by S.I. 2012/1544 art. 4(b)
- s. 426B(3) inserted by S.I. 2012/1544 art. 4(c)
- s. 427 heading words omitted by S.I. 2012/1544 art. 5(a)
- Sch. A1 para. 44(16A) inserted by 2012 c. 21 Sch. 18 para. 54(12)
- Sch. A1 para. 44(17A) inserted by 2012 c. 21 Sch. 18 para. 54(14)
- Sch. A1 para. 30(4) inserted by 2015 c. 26 Sch. 9 para. 9(13)
- Sch. A1 para. 31(7A)(7B) inserted by 2015 c. 26 Sch. 9 para. 9(19)
- Sch. A1 para. 32(1A) inserted by 2015 c. 26 Sch. 9 para. 9(21)
- Sch. A1 para. 38(1A) inserted by 2015 c. 26 Sch. 9 para. 9(33)
- Sch. A1 para. 38(4)(c) inserted by 2015 c. 26 Sch. 9 para. 9(39)
- Sch. A1 para. 38(9)(b) and word inserted by 2015 c. 26 Sch. 9 para. 9(42)(c)
- Sch. A1 para. 40(5)(ca) inserted by 2015 c. 26 Sch. 9 para. 9(44)(b)
- Sch. A1 para. 31(5)(aa) inserted by S.I. 2014/3486 art. 9(2)(b)
- Sch. A1 para. 31(5)(c) and word inserted by S.I. 2014/3486 art. 9(2)(d)
- Sch. A1 para. 29(2)(3) substituted for Sch. A1 para. 29(2) by 2015 c. 26 Sch. 9 para. 9(8)
- Sch. A1 para. 31(1)(1A) substituted for Sch. A1 para. 31(1) by 2015 c. 26 Sch. 9 para. 9(14)
- Sch. A1 para. 35(1)-(2A) substituted for Sch. A1 para. 35(1)(2) by 2015 c. 26 Sch. 9 para. 9(27)
- Sch. A1 para. 44(8)(8A) substituted for Sch. A1 para. 44(8) by 2015 c. 26 Sch. 9 para. 9(45)
- Sch. A1 para. 38(9)(a) words in Sch. A1 para. 38(9) renumbered as Sch. A1 para. 38(9)(a) by 2015 c. 26 Sch. 9 para. 9(42)(a)
- Sch. A1 para. 38(9)(a) words inserted by 2015 c. 26 Sch. 9 para. 9(42)(b)
- Sch. A1 para. 44(17A)(b) words substituted by 2015 c. 26 Sch. 9 para. 9(47)
- Sch. B1 para. 60(1) Sch. B1 para. 60 renumbered as Sch. B1 para. 60(1) by 2015 c. 26 s. 129(2)
- Sch. B1 para. 25A inserted by 2015 c. 20 Sch. 6 para. 5
- Sch. B1 para. 98(2)(ba) inserted by 2015 c. 20 Sch. 6 para. 7(3)

*Insolvency Act 1986 (c. 45)*
*Document Generated: 2016-11-26*

- Sch. B1 para. 60(2) inserted by 2015 c. 26 s. 129(3)
- Sch. B1 para. 60A inserted by 2015 c. 26 s. 129(4)
- Sch. B1 para. 115(1A)(1B) inserted by 2015 c. 26 s. 130(2)
- Sch. B1 para. 115(4) inserted by 2015 c. 26 s. 130(4)
- Sch. B1 para. 78(2A) inserted by 2015 c. 26 Sch. 9 para. 10(27)
- Sch. B1 para. 98(3A) inserted by 2015 c. 26 Sch. 9 para. 10(38)
- Sch. B1 para. 108(3A) inserted by 2015 c. 26 Sch. 9 para. 10(42)
- Sch. B1 para. 73(1)(bb) inserted by S.I. 2014/3486 art. 10(3)
- Sch. B1 para. 73(1)(d) and word inserted by S.I. 2014/3486 art. 10(5)
- Sch. 6 para. 15B 15C and cross-headings inserted by 2013 c. 33 s. 13(1)
- Sch. 6 para. 15BA 15BB inserted by S.I. 2014/3486 art. 11(2)
- Sch. 6 para. 15C(3)(4) and words inserted by S.I. 2014/3486 art. 11(4)(c)
- Sch. 6 para. 15AA and cross-heading inserted by S.I. 2015/486 reg. 14(3)(a)
- Sch. 6 para. 15C(A1) inserted by S.I. 2015/486 reg. 14(3)(c)
- Sch. 6 para. 15C cross-heading words substituted by S.I. 2014/3486 art. 11(3)
- Sch. 6 para. 15C(1) words substituted by S.I. 2014/3486 art. 11(4)(a)
- Sch. 6 para. 15C(2) words substituted by S.I. 2014/3486 art. 11(4)(b)
- Sch. 6 para. 15C cross-heading words substituted by S.I. 2015/486 reg. 14(3)(b)
- Sch. 8 para. 8A inserted by 2015 c. 26 s. 122(3)
- Sch. 8 para. 5A inserted by 2015 c. 26 s. 124(5)
- Sch. 8 para. 13A inserted by 2015 c. 26 s. 131
- Sch. 8 para. 9A inserted by 2015 c. 26 Sch. 9 para. 58
- Sch. 9 para. 4A 4B and cross-heading inserted by 2013 c. 24 Sch. 19 para. 65(2)
- Sch. 9 para. 4C and cross-heading inserted by 2013 c. 24 Sch. 19 para. 65(3)
- Sch. 9 para. 24A-24D and cross-heading inserted by 2013 c. 24 Sch. 19 para. 65(4)
- Sch. 9 para. 11A inserted by 2015 c. 26 s. 123(3)
- Sch. 9 para. 18A inserted by 2015 c. 26 s. 132
- Sch. 9 para. 12A inserted by 2015 c. 26 Sch. 9 para. 86

**Commencement Orders yet to be applied to the Insolvency Act 1986**

Commencement Orders bringing legislation that affects this Act into force:

- S.I. 2004/1832 art. 2 commences (2002 c. 15)